In the Matter of Proceedings against WHITTLESEY D. SEARLS, a Recalcitrant Witness.

WHITTLESEY D. SEARLS, Appellant; THE LAKE STREET ELEVATED RAILROAD COMPANY (an Illinois Corporation), Respondent.

1. CONTEMPT — RECALCITRANT WITNESS BEFORE COMMISSIONER TO TAKE TESTIMONY FOR USE WITHOUT THE STATE. Article 3 of title 3 of chapter 9 (§§ 914–920) of the Code of Civil Procedure contains within itself all the provisions of law applicable to the case of a recalcitrant witness before a commissioner appointed to take testimony within this state to be used in a suit pending in another state; and, hence, sections 854 and 855 are not applicable to such a case.

2. REFUSAL TO ANSWER — DETERMINATION OF PROPRIETY OF QUESTIONS. By force of the provisions of section 920 of the Code of Civil Procedure, to the effect that a person who, having been duly subpœnaed to appear before a commissioner appointed to take testimony within this state to be used in a suit pending in another state, fails to testify,

"is liable to the penalties which would be incurred in a like case, if he was subpœnaed to attend the trial of an action in a Justice's Court," and that "for that purpose, the officer before whom he is required to appear, possesses all the powers of a justice of the peace upon a trial," the propriety of questions refused to be answered by a witness, who has been duly subpœnaed and who has appeared before the commissioner, must be determined by the commissioner, at least in the first instance, as it would be determined by a justice of the peace on a trial before him, and the decision enforced in the same way.

3. POWER CONFINED TO OFFICER BEFORE WHOM WITNESS REQUIRED TO APPEAR. A justice of the Supreme Court, even though he issued the mandate under which a witness was required to appear, and did appear, before a commissioner appointed to take testimony within this state to be used in a suit pending in another state, not being the officer before whom the witness was required to appear (Code Civ. Pro. § 920) is without power to hear or determine an application to punish the witness for contempt in refusing to answer certain questions before the commissioner; and the witness cannot be required to answer for the contempt except under the provisions of section 920, in the manner and before the officer there designated.

*Matter of Searls*, 22 App. Div. 140, reversed.

(Argued March 2, 1898; decided March 22, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 27, 1897, affirming an order made by a justice of the Supreme Court in a proceeding for contempt.

The facts, so far as material, are stated in the opinion.

*David McClure* for appellant. The powers conferred by sections 915 and 920 of the Code of Civil Procedure are to be strictly construed and are exclusive. (Suth. on Stat. Cons. §§ 391, 392, 399; *Terry* v. *McNiel*, 58 Barb. 241; *Wittenbrock* v. *Mabins*, 57 Hun, 146; *Matter of U. S. P. L. Co.*, 16 App. Div. 188; *Dudley* v. *Mayhew*, 3 N. Y. 9; *Matter of Whitlock*, 51 Hun, 351; Code Civ. Pro. §§ 2971, 3001.) No attempt has been made by the commissioner to exercise, under sections 920 and 2924 to 2977 and section 3001, the power to punish the witness for contempt by fine or imprisonment, and the question of the constitutionality of those sections is not raised by this appeal and cannot be considered

thereunder. (*Frees* v. *Ford*, 6 N. Y. 176; *People ex rel.* v.
*Bd. Suprs.*, 2 Keyes, 291; *White* v. *Scott*, 4 Barb. 56;
*Demarest* v. *Mayor, etc.*, 147 N. Y. 203.) The remedy pro-
vided by section 920 is still exclusive, even though it be
assumed to be ineffective. (*Comm.* v. *Potts*, 79 Penn. St.
164.) The court, in the present case, should strictly enforce
the regular order of proof. (Stephen's Dig. of Evid. art. 4,
pp. 10, 11; *Place* v. *Minster*, 65 N. Y. 89.)

*Clifford W. Hartridge* for respondent. A judge or court
has inherently powers necessary to the enforcement of his or
its mandates. (1 Kent's Comm. 357, 359; Code Civ. Pro.
§ 4; *Naylor* v. *Naylor*, 32 Hun, 228.) There is no section
of the statutes or Code of Civil Procedure of this state
which takes away from a judge or a court the power to punish
for contempt a disobedience of his or its mandate. (Code
Civ. Pro. §§ 14, 854–856, 915, 920, 3001, 3002; Const. N. Y.
art. 6, §§ 1–17, 18, 20.) If, when an unconstitutional portion
of an act is stricken out, that which remains is complete in
itself and capable of being executed in accordance with the
apparent legislative intent wholly independent of that which ·
was rejected, it must be sustained. (*People ex rel.* v. *Briggs*,
50 N. Y. 566; *Gordon* v. *Cornes*, 47 N. Y. 617; *People ex
rel.* v. *Bull*, 46 N. Y. 69; Cooley on Const. Lim. 178; *Matter
of Vil. of Middletown*, 82 N. Y. 202.) The legislature can-
not take away from a judge or court the inherent power to
punish for contempt a disobedience of his or its mandates.
(*People ex rel.* v. *Stapleton*, 18 Col. 568; *Wyatt* v. *People*,
17 Col. 261; *Matter of Sinis*, 54 Kans. 1; *Matter of Whit-
comb*, 120 Mass. 124.) A court or judge has power to punish
a witness for a refusal to answer a proper and material ques-
tion put to him before an open commission. (*Matter of Whit-
lock*, 21 N. Y. S. R. 719; *Matter of U. S. P. L. Co.*, 16
App. Div. 121.) Unless a public right is invaded or a
positive statute is violated, the reception or rejection of
the testimony should be left to the rules as they are adminis-
tered in the foreign jurisdiction at the time of the trial.

(*Matter of Whitlock*, 21 N. Y. S. R. 719; *Doremus* v. *Nanecy*, 62 Ill. App. 392; *Drank* v. *Stewart*, 22 C. C. A. [U. S.] 107; *Spies* v. *People*, 122 Ill. 1.)

O'BRIEN, J. The original order in this proceeding, which was affirmed at the Appellate Division, was made by a justice of the Supreme Court on the 28th of July, 1897. It adjudged that the defendant was guilty of contempt in refusing, under the advice of counsel, to answer certain questions propounded to him as a witness by a commissioner acting under a commission from the Circuit Court of Cook county in the state of Illinois, in which court an action was pending in which, as alleged, the defendant was a material and necessary witness. The order further directed that a warrant issue against the defendant as for contempt under and by virtue of the laws of this state to commit him to jail, there to remain until he submits to answer said questions which are specified in the order, as he was required to do, or is discharged according to law.

The court from which the commission issued appears to be a court of record. The commission is issued in the name of the People of the state directed " To John E. Mooney, Esq., New York City, County and State, or to any Judge, Master in Chancery, Notary Public or Justice of the Peace of the city and county above mentioned." It appears that the commission was intrusted in some way, which does not distinctly appear, to a notary public, in the city of New York for execution as commissioner and he was actually engaged as such in taking the testimony of the defendant as a witness under it when the latter refused to answer the questions stated at length in the order, and when the alleged contempt of which he was convicted was committed.

On the 26th of April, 1897, the same judge who made the order issued a mandate, signed by him, to the defendant, commanding him, in the name of the People, to appear before the commissioner at a time and place stated *to testify* in the action pending in Illinois, which was properly described. This mandate also stated that for a failure to attend the defendant

would be deemed guilty of a contempt of court, and liable to pay all loss and damages sustained thereby to the party aggrieved, and forfeit fifty dollars in addition thereto. The defendant obeyed this mandate. He did appear and did testify, but refused, in the course of the examination, to answer certain questions under the advice of counsel, as already stated.

Assuming for the present purpose that the questions set forth in the order, or some of them, were material and proper, and such as could properly have been propounded to the witness upon a trial of the action before the court in which it was pending, the question arises whether the judge who made the order convicting the witness of contempt had any power to make it. There was certainly no contempt committed in his presence, or in any suit or proceeding pending before him as a judge or a court, so that the power to make the final order must, if it exists at all, be found in some express statute on the subject. It is quite evident from the opinions below that this power was deduced from the provisions of sections 854 and 855 of the Code. We think that those sections do not apply to the case for these reasons:

(1) The section first mentioned provides for the service of a subpœna upon the witness in certain cases, and among them the case where the judge is authorized to compel the attendance of a witness before a person designated in a commission issued by a court of another state or country, but that section, by its terms, does not apply to a matter arising, or an act to be done, in an action in a court of record. This matter does arise in an action, and the action is clearly one in a court of record, though a court of a sister state. But if the section contemplates such a case at all, then the limitation or qualification would be equally applicable.

(2) The provisions of section 855 relate to the penalties and punishment to which the witness is subject in the cases specified and embraced in the preceding section for *a failure to attend*. The process of subpœna mentioned in the section

43

just preceding has spent its force, so far as concerns the power to punish for contempt, when the witness has appeared and submitted to examination. He can no longer be punished for disobedience to that process, though ordinarily he may be for some improper conduct towards the court or judge where he is examined, or for a refusal to answer a proper question, but such refusal is no disobedience of the process served upon him.

(3) But both of these sections are expressly limited and qualified by section 859, which provides that, " the foregoing sections * * * do not apply to * * * a case where special provision is otherwise made by law, for compelling the attendance of a witness."

This is a case where special provision is otherwise made by law. Article third of title third of the same chapter in which sections 854 and 855 appear is wholly devoted to the procedure for compelling the attendance of witnesses and procuring testimony within this state by commission by a party to a suit, action or special proceeding, civil or criminal, pending in a court without this state, either in the United States or a foreign country. (§ 914.) This very examination was instituted and had under that article, and the last section (§ 920) makes provision for compelling the witness to answer proper questions after he has appeared. The mandate or subpœna served upon this witness was issued under § 915, which prescribes the practice in such a case as this. But the final proceeding to punish the witness for contempt was not had under that article, but under another part of the Code, which, we think, had no application to the case. It is quite clear, we think, that this article contains within itself all the provisions of law which the legislature intended should be applicable to the case of a recalcitrant witness before a commissioner appointed to take the testimony of a witness here to be used in a suit pending in another state.

The last section (§ 920) reads as follows: " A person who fails to appear, at the time and place specified in a subpœna, issued as prescribed in this article, and duly served upon him ;

or to testify; or to subscribe his deposition, when correctly taken down ; is liable to the penalties, which would be incurred in a like case, if he was subpœnaed to attend the trial of an action in a Justice's Court ; and, for that purpose, the officer, before whom he is required to appear, possesses all the powers of a justice of the peace upon a trial." That a justice of the peace, at a trial before him, can punish a witness who refuses to appear or to answer a proper question, by fine and imprisonment cannot be questioned. (Code, §§ 2971, 2974–2977, 3001.) It is admitted in the learned opinion below, as I understand it, that in case the commissioner before whom the defendant was examined had been a judge or a justice of the peace, then § 920 would apply, but since the commissioner was simply a notary public, the power conferred by the section was not intended to apply to him, and does not apply. This construction was evidently adopted in order to avoid what the court supposed would be imputing to the legislature an intention to pass a statute in conflict with the Constitution, for it was assumed that a statute conferring power upon a notary to punish for contempt would be invalid. That question is not now before us, except possibly in a very remote way. The defendant was not convicted of contempt by the commissioner, and it does not prove that the judge before whom he was convicted had the power to make this order to show that some one else was also without power. It must be shown that there was some clear affirmative power conferred by statute upon the judge to make the order before it can be upheld. There is not much progress made in that direction when some doubt is cast upon the validity of a like order had it been made by the commissioner.

Without attempting now to decide what power the commissioner may lawfully exercise when the witness is brought before him, since that question is not directly involved, it is proper to say that we have held that a notary is a public officer within the meaning of certain provisions of the Constitution, and that his duties are of a judicial character. (*People* v. *Rathbone*, 145 N. Y. 434.)

But it is quite sufficient for all the purposes of the present question to say that the legislature may well have intended the section to apply to such a case as this without having in mind the remote danger that some part of it might be held to be in conflict with the Constitution. That such was the intention is manifest from its language and from the fact that no clear power to make this order can be found elsewhere.

The learned judge could doubtless have punished the defendant for any disobedience of the order to appear before the commissioner, but this order does not profess to punish him for that and could not, since it is undisputed that he not only did appear, but gave testimony and submitted himself to examination. What the order adjudges is, that he refused to answer certain questions in the course of the proceedings. The mandate to appear could not follow the witness through the whole proceeding, but was satisfied when the witness appeared to testify. It could not and did not determine in advance what questions were pertinent and proper or what questions were not. That must be determined by the commissioner, at least in the first instance, as it would be determined by a justice of the peace on a trial before him, and the decision enforced in the same way. He may decide that question erroneously, but a justice or even a judge, if acting in the same capacity, might commit a like error. The contempt charged, therefore, was a contempt of the authority of the commissioner acting under the commission and the laws of this state which provided for its due and proper exercise. The defendant could not be required to answer for it except under the provisions of § 920 in the manner and before the officer there designated, and since the learned judge who made the order was not that officer, he was without power to hear or determine the application to punish the witness.

The order should, therefore, be reversed, with costs.

All concur, except GRAY and HAIGHT, JJ., dissenting.

Order reversed.