Applying this principle to the facts in this case, it is difficult to see how the jury could have reached any other conclusion than it did. The article in question was prepared by a reporter in the employ of the defendant, and was, so far as the plaintiff was concerned, purely a creation of the reporter's imagination. The reporter was sworn for the defendant upon the trial, and taking his own testimony, and according to it the most favorable consideration possible, it demonstrates clearly and conclusively that the article was not only prepared and published in the most careless and reckless manner, but without the slightest regard for, or consideration of, the rights of the plaintiff. Under such circumstances, the jury had a right to award to the plaintiff punitive damages.

After a careful consideration of the whole evidence, including the charge of the trial court, we are satisfied that no error was committed which calls for a reversal of the judgment. It is unnecessary to consider whether error was committed upon the trial by permitting the plaintiff to testify as to the amount of salary received by him at the time of the publication, for the reason that the trial court, at the request of the defendant, instructed the jury that "the plaintiff could not recover anything for loss of salary, having suffered none before suit brought."

The judgment must be affirmed, with costs. All concur.

---

(30 App. Div. 610.)

In re STRAUSS.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

SUBPŒNA DUCES TECUM—COMMISSION FROM FOREIGN STATE.

In the case of a commission issued by a court of another state to take testimony here for use in an action in a court of record there, a justice of the supreme court has no authority to issue a subpœna duces tecum; Code Civ. Proc. § 915, applying only to a subpœna ad testificandum.

Appeal from special term.

In the matter of the application of Frederick Strauss for a subpœna duces tecum. From an order denying a motion to vacate the subpœna, Strauss appeals. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Frederick B. Van Vorst and David McClure, for appellant.
John W. Hutchinson, Jr., for respondent.

INGRAHAM, J. Upon the production of a commission issued to one Edward J. McCabe, pursuant to an order entered February 18, 1898, in an action pending in the district court of the state of Colorado, in which Clarence H. Venner and others are plaintiffs and the Denver Union Water Company and others are defendants, to take the testimony of Frederick Strauss and others, and upon the application of the plaintiffs in the said action, a justice of the supreme court issued a subpœna duces tecum requiring the said Frederick Strauss to appear and attend before the said Edward J. McCabe, the commissioner appointed aforesaid, to be examined, and to give his deposi-

tion at the instance of the plaintiffs in the action above described, and to bring with him and produce at the time and place mentioned certain documents, instruments, and records therein named. Upon the said subpœna being served upon the witness, he obtained an order to show cause, returnable before one of the justices of this court at special term, requiring the plaintiffs in the action pending in Colorado to show cause why the said subpœna should not be vacated. The motion to vacate such subpœna was denied, and the witness appeals.

The only question argued before us was as to the power of the justice of the supreme court to issue a subpœna duces tecum, requiring the person named as a witness in a commission issued by a court of another state to produce books and papers before a commissioner acting under such a commission; and that is the only question we shall consider on this appeal. The subject of the examination of witnesses in judicial proceedings is regulated by chapter 9 of the Code of Civil Procedure. Title 2 of that chapter is entitled "Compelling the attendance and testimony of a witness." Title 3 is entitled "Depositions," and article 3 of that title is entitled "Depositions taken within the state for use without the state." The power to issue a subpœna duces tecum is sought to be sustained by sections 854 and 915 of the Code. The question as to the power of the court to compel the attendance of a witness before a commissioner appointed in a commission issued in an action pending in the court of another state has been before the court of appeals in Re Searls, 155 N. Y. 333, 49 N. E. 938. In that case the commission was issued out of the circuit court of Cook county, state of Illinois, in which court an action was pending, and in which commission a party was named as a material and necessary witness. This commission was intrusted in some way to a notary public of the state of New York for execution as commissioner, and he was actually engaged as such in taking the testimony of a defendant in that action as a witness. It was held by the court of appeals that the provisions of sections 854 and 855 did not apply to a case of this kind, for the reason that "this section (section 854) does not apply to a matter arising or an act to be done" in an action in a court of record, and that "the matter did arise in an action, and the action is clearly one in a court of record, though a court of a sister state." It was also held that, as section 859 of the Code limits and qualifies section 854 so that it does not apply to a case where special provision is made by law for compelling the attendance of witnesses, and as section 915 of the Code contains provisions for compelling the attendance of a witness before a commissioner designated in a commission issued out of a court of another state in which an action is pending, to take testimony within this state, section 854 did not apply; the court expressly holding that article 3, tit. 3, c. 9, "contains within itself all the provisions of law which the legislature intended should be applicable to the case of a recalcitrant witness before a commissioner appointed to take the testimony of a witness here, to be used in a suit pending in another state"; and, further, "that it must be shown that there was some clear affirmative power conferred by statute upon the judge to make the order before it can

be upheld." We are, therefore, confined to article 3, tit. 3, c. 9, Code Civ. Proc., for the power of a justice of the supreme court to grant this subpœna; and, unless such power thus appears, the court had no power to issue the subpœna. Article 3, tit. 3, of the Code includes sections 914 to 920. By section 915 it is provided that:

"When a commission to take testimony within this state has been issued from the court in which the action, suit or special proceeding is pending * * * for the purpose of taking testimony within this state, * * * the commission, notice or other paper authorizing the testimony to be taken may be presented on behalf of the party desiring to obtain it to a justice of the supreme court * * * with proof by affidavit that the testimony of the witness is material to the party. The judge must thereupon issue a subpœna to the witness, commanding him to appear before the commissioner named in the commission * * * at the time and place specified in the subpœna to testify in the action, suit or special proceeding."

As I understand the decision of the court of appeals in Re Searls, supra, the necessary result of what was there held is that, unless the power to issue a subpœna duces tecum can be found in section 915 of the Code, that power does not exist. I do not find that this section gives a justice of the supreme court the power to issue such a subpœna.

At common law there was a writ known as a "subpœna ad testificandum." It is defined as a process to compel a witness to appear and give testimony, commanding him to appear before a court or magistrate therein named, at a time therein mentioned, to testify for a party named, under a penalty therein mentioned. There was also a writ known as a "subpœna duces tecum," which, in addition to requiring the attendance of a witness to testify, required him to bring and produce to the court books or papers in his hands tending to elucidate the matter in issue. See Bouv. Law Dict. Thus we have two distinct subpœnas recognized by the law. Section 915 authorizes a justice of the supreme court to issue a subpœna to a witness, commanding him to appear before a commissioner named in the commission to testify. Here the subpœna issued is clearly that known as a "subpœna ad testificandum." There is nothing to indicate that the power was given to a justice of the supreme court to issue any other subpœna, or to require a witness to produce before a commissioner any books or papers, or to do anything else than appear and testify; and, applying the rule as stated by the court of appeals, the respondents must show some "clear affirmative power" conferred by the statute. As we fail to find the power to issue a subpœna duces tecum granted, I think that such power does not exist, that the subpœna was unauthorized, and should have been set aside.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the subpœna vacated. All concur.