---

In re HELLER et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

DEPOSITIONS—WITNESSES OUTSIDE THE STATE—RIGHT TO COMPEL ATTENDANCE.
Under Code Civ. Proc. § 915, authorizing the issuance of a subpœna for a person, for the taking of whose testimony a commission has been issued by a court of another state, on the presentation of an affidavit to the judge that the testimony of the witness is material, the issuance of a subpœna for persons for whose testimony a commission has been issued in another state is warranted by an affidavit that the action is brought to distribute a fund in which the persons sought to be examined claim an interest, and that plaintiff expects to prove by them that their claim to the fund is invalid; that plaintiff has no other persons by whom he can prove that fact; and that the persons sought to be examined are necessary and material witnesses.

Appeal from special term, New York county.

A subpœna was issued, requiring James E. Heller and another to appear and be examined before a commissioner appointed to take

their testimony in an action pending in Pennsylvania, and from an order vacating the subpœna William H. Rhawn and another, plaintiffs in the suit, appeal. Reversed.

The affidavit on which the subpœna was issued stated that the suit in which the commission to take the testimony of the persons in question had been issued was to foreclose a mortgage, and that such persons claimed a part of the proceeds by virtue of certain interest coupons held by them; that such coupons had been detached from the bonds by persons who had stolen them, and that the persons in question had acquired them after maturity; that plaintiffs knew of no other persons by whom that fact could be proved.

Argued before PATTERSON, McLAUGHLIN, O'BRIEN, and IN-GRAHAM, JJ.

A. L. Everett, for appellants.

Felix Jellenik, for respondent.

INGRAHAM, J. The subpœna vacated by the order appealed from was issued under section 915 of the Code of Civil Procedure. The ground upon which it was vacated was that the papers upon which it was issued failed to show that the testimony of the witnesses was material to the party making the application. In Re Garvey, 33 App. Div. 135, 53 N. Y. Supp. 476, we held that a witness who was required to appear for examination under the foreign commission had no standing to question the sufficiency of the proof upon which the subpœna was allowed; that, so far as he was concerned, the statute was complied with when the commission was presented to a justice of the supreme court, with an affidavit which satisfied him that the witness' testimony was material to a party to the action in which the evidence was to be taken. We think that, applying this rule, the affidavit of Charles M. Hough justified the court in issuing the subpœna. That affidavit expressly states "that said witnesses are necessary and material witnesses." Then it states what is expected to be proved by them. It is apparent that the facts sought to be proved by the witnesses, as stated in this affidavit, would be material upon the question of the validity of a claim to the fund in controversy; and the parties having claims upon the fund in the hands of the plaintiff, where the action is brought to distribute the fund, are entitled to show that a demand upon which a party makes a claim against that fund is not a valid claim. As was said in Re Garvey, supra: "It certainly is not for the witness to criticise the proof of materiality, as defective or insufficient. That should be left to the parties to the action."

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the subpœna denied, with $10 costs, to be paid by the respondents. All concur.