(65 App. Div. 343.)

In re DITTMAN et al.

(Supreme Court, Appellate Division, First Department. November 15, 1901.)

1. BEST EVIDENCE—DECLARATIONS ON INTEREST.
   In a suit to dissolve a corporation because a second corporation controls its stock and manages its business to the detriment of the stockholders, an objection to a question asked the secretary of the former as to the amount of its profits, based on the ground that the books of the company are the best evidence, is untenable, they being mere declarations in its favor, and inadmissible as against the plaintiff. Per Patterson, Hatch, and Laughlin, JJ.

2. DEPOSITIONS—REFRESHING RECOLLECTION OF WITNESS—BOOKS NOT IN COURT.
   In a proceeding to take a deposition for use in a foreign court witness cannot be compelled to make an examination of books and papers not before the commissioner, in order to refresh his recollection, though such books and papers are within the witness' custody. Per Patterson, Hatch, and Laughlin, JJ.

3. SAME—QUESTIONS—PERTINENCY—DETERMINATION.
   In a proceeding to take the deposition of a witness for use in a foreign court, what questions are pertinent and proper should be determined by the commissioner, at least in the first instance. Per Patterson, Hatch, and Laughlin, JJ.

4. SAME—APPEAL BY WITNESS.
   In a proceeding to take a deposition for use in a foreign court the witness has a right of appeal from an order of the special term requiring him to answer certain of the questions therein propounded to him, being a party to the proceeding and one aggrieved. Per Van Brunt, P. J., and Ingraham and Laughlin, JJ.

Appeal from special term, New York county.

Proceeding by Henry I. Dittman and another to take the deposition of Thomas Wentworth for use in a foreign court. From an order of the special term requiring witness to answer certain questions, he appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles B. Alexander, for appellant.
William Lindsay, for respondents.

HATCH, J. This is a proceeding instituted under and pursuant to the provisions of Code Civ. Proc. §§ 914, 915. The action in which the witness' deposition is being taken is brought by the respondents Dittman and Haas, as holders of shares of the preferred stock of the Kentucky Distilleries & Warehouse Company, for a dissolution of the company and the winding up of its affairs for the benefit of its creditors, and is now pending in the New Jersey court of chancery. Briefly stated, the complaint shows that the Distilling Company of America, having become the owner of about 90 per cent. of the capital stock of the Kentucky Distilleries & Warehouse Company, and of about the same proportion of the capital stock of various other companies engaged in manufacturing, selling, or dealing in American whiskies, has combined the business of each of said corporations with its own, and, having named the directors and officers of the Kentucky company, so manages and controls its business, and disposes of its profits, and incumbers its property as to benefit the Distilling Company of America to the detriment of the Kentucky Distilleries & Warehouse Company; that the directors of the Kentucky company are in point of fact agents and servants of and interested with the Distilling Company of America, and are managing the affairs of the Kentucky company to the detriment of the stockholders, by diverting its profits and business to the other companies controlled by the defendant distilling company, and that they have rendered the stock of the Kentucky company, which in June, 1899, was of great value, unmarketable, and valueless. The witness Thomas H. Wentworth is secretary of both defendant corporations, and has an office and possession of the books of the same in the city of New York. Upon the hearing before the commissioner he declined to answer certain questions which were propounded to him, and thereupon the examination was suspended, and the plaintiffs in the action applied to the court at special term for an order directing the witness to answer such questions. The motion was granted, and an order entered directing the witness to answer the questions, and from such order the witness takes this appeal.

So far as objection was interposed to the witness answering the question as to the profits earned by the Kentucky Distilleries & Warehouse Company, based upon the ground that the books of the company were the best evidence, it was unavailing. The question was proper, and should have been answered. The books of account of the company were mere declarations in its favor, and would not be admissible as against the plaintiffs in this action. Rudd v. Robin-

son, 126 N. Y. 113, 26 N. E. 1046, 12 L. R. A. 473, 22 Am. St. Rep. 816. The plaintiffs, of course, would be entitled to the oral statement of the witness upon this subject, and also, if they chose, to the entries contained in the books; for, with respect to them, it might constitute an admission. To this extent, therefore, the order below was proper. As to all of the other questions propounded to the witness, their substantial character was a mere question as to whether the witness would make an examination of the books, and refresh his recollection so as to enable him to answer the questions propounded, of which he had no recollection, except as shown by the books. The witness, by the practical direction of his counsel, refused to make any promise that he would examine the books, or to answer upon that subject. For all practical purposes, therefore, it is clearly apparent that the testimony sought to be elicited was a statement of what the books contained. We know of no power residing in the court to compel a witness to make an outside examination of books and papers not before the court. The witness was not commanded so to do by the subpœna which was served upon him. All which that required was that the witness should appear and testify to such facts as rested within his memory, and when that failed he could not be compelled or required to go to outside sources in order to aid his recollection. His full duty was discharged when he gave his recollection in answer to the questions. There was nothing, therefore, in this refusal, which justified the order which was made. It is quite true that the witness is secretary of both companies, and had many of the books in his custody or under his control, and many of them were then in the same building in which the examination was being conducted; but they were not before the commissioner, and the witness was under no more obligation to subsequently make an examination of their contents to aid his memory than as though the books were elsewhere, and not under his control. It does not appear that the commissioner made any ruling whatever as to whether the questions were proper or not. The court of appeals has said that what questions are pertinent or proper must be determined by the commissioner, at least in the first instance. In re Searls, 155 N. Y. 333, 49 N. E. 938. The plaintiffs seem to have mistaken the practice in connection with eliciting testimony from the witness in connection with the books. Section 914 of the Code of Civil Procedure provides that upon the taking of such a deposition a subpœna may issue requiring the production of books and papers in connection with the testimony of the witness, and the next section requires that the witness give testimony in connection with them, subject to punishment for contempt for refusing so to do. Prior to 1899 the Code did not contain authority for the issuance in a proceeding of this character of a subpœna duces tecum to compel the production of books and papers. In re Strauss, 30 App. Div. 610, 52 N. Y. Supp. 392. In that year, however, the legislature, in order to meet the condition produced by the decision in this case and In re Searls, supra, amended these sections of the Code, and the authority is now ample to examine not only a witness, but to compel the production of books and papers. See, also, rule 17, Gen. Rules Prac. It would necessarily

follow, from the views above expressed, that the order should be modified by limiting its application to the questions relating to the profits earned by the Kentucky Distilleries & Warehouse Company.

But another consideration intervenes to prevent this result. Our attention is directed to no authority which confers right upon a witness to appeal from such an order. Nor are we able to find such authority. Rule 17 of the general rules of practice authorizes a witness who is subpœnaed to attend and give his deposition to apply to the court to vacate or modify such subpœna, and this seems to be the extent of his rights. The witness made no such application; on the contrary, he submitted himself to the examination, and cannot now be heard to question the propriety of questions propounded for him to answer. If there is any abuse in this regard, the only persons authorized to invoke the remedy to either protect the witness or exclude the testimony is the party, as he, in the legal sense, is the only person aggrieved thereby. Ross v. Wigg, 100 N. Y. 243, 3 N. E. 180; Martin v. Kanouse, 2 Abb. Prac. 330. In Re Garvey, 33 App. Div. 134, 53 N. Y. Supp. 476, the court held that it was not for the witness to criticise the proof of materiality as defective or insufficient upon which the subpœna was based; that such question should be left to the parties; and in Re Heller, 41 App. Div. 595, 58 N. Y. Supp. 695, the court reaffirmed such doctrine. We see no distinction, in principle, between such a question and the present. If the party does not desire to appeal, the witness has no standing so to do, as no one can be legally said to be aggrieved thereby. To authorize such a practice, it seems to us, would result in the greatest confusion.

If these views are sound, it follows that the appeal should be dismissed, with $10 costs and disbursements.

Order modified by limiting its application to the questions relating to the profits earned by the Kentucky Distilleries & Warehouse Company, and, as modified, affirmed, without costs.

PATTERSON, J., concurs in opinion of HATCH, J.

LAUGHLIN, J., concurs, except as to witness not having right to appeal.

. INGRAHAM, J. (dissenting). The order appealed from directs the witness to answer five questions. As to the first question, the witness had several times stated on his examination that he could not answer the question, as he had no personal knowledge upon the subject. The second question was about the Little report. The witness had stated that he never saw the report; did not know whether there was a report, and it is quite clear that he has not knowledge to enable him to answer the question. The third question—as to the profits realized by the defendant corporation—does not appear from the record to have been asked the witness upon the examination, nor does it appear that he ever refused to answer it. He had expressly stated, however, that he was not a financial officer of the company, and had no knowledge of its financial oper--

ations or conditions. The fourth question was as to how many distilleries were being operated by the Kentucky Distilleries & Warehouse Company, but the witness had before testified that he had nothing to do with the operation of the distilleries, and had no knowledge upon the subject; and the last question was as to the best recollection of the witness whether an order was made to pay Mr. Little for making his report. The witness had already testified that he had no knowledge on that subject, and did not know that Mr. Little had ever made a report. Thus the questions that the witness was asked to answer are either plainly frivolous, or relate to facts about which he had no knowledge. None of these questions did he refuse to answer, so far as appears from the record. They appear to have been objected to by somebody, and no answer recorded. Counsel for the plaintiff had endeavored to obtain from this witness the contents of the books of the corporation, and had constantly requested the witness to examine the books for the purpose of testifying as to their contents. That such a method of obtaining the contents of books is clearly improper seems to have been recognized by the counsel for the plaintiffs, as he refrained from asking the court to direct the witness to answer questions of that character. The questions that the witness was directed to answer are questions that he never refused to answer and questions which his evidence showed he was unable to answer. Nothing in the record justified an application to the court to compel the witness to answer them.

It is said, however, that the witness has no standing in court to appeal from an order requiring him to answer questions that he has stated under oath that he is unable to answer, but it seems to me that the witness is the only one affected by the order. The application was made upon an order to show cause requiring the appellant to show cause why he should not be required to testify as commanded in the subpœna, and why he should not be required to answer questions propounded to him. He showed cause, and upon the return of the order to show cause he was heard by counsel in opposition to the motion, and the court then ordered him to answer the questions. This is a special proceeding. The appellant is a party to the proceeding. The order granted required him to answer the questions, although he has sworn that he cannot answer them, as he has not knowledge of the facts. A refusal to answer these questions which he cannot answer will subject him to imprisonment for contempt, and it is certainly remarkable that a party to a proceeding who is ordered by the court to perform an act, a refusal to perform which will subject him to a fine and imprisonment, has no standing in court to appeal from the order. I think he is a party to the proceeding, the only one who could appeal, and that he is aggrieved by the order made.

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

VAN BRUNT, P. J., concurs.