CORA C. KEIL, APPELLEE, v. JOHN L. KEIL, APPELLANT.

FILED JANUARY 9, 1908. No. 15,018.

Divorce: JURISDICTION. The record in a divorce case disclosing that neither of the parties to the action had resided in this state either continuously since the marriage or continuously for six months immediately preceding the filing of the petition, *held*, that the district court was without jurisdiction to grant a divorce.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Reversed with directions.*

*J. C. Cook,* for appellant.

*W. C. Walton* and *F. Dolezal,* contra.

GOOD, C.

This was a suit for a divorce, in which the plaintiff was awarded a divorce and the custody of the minor children of the parties. The defendant appeals.

Among other defenses urged was that the court was without jurisdiction; the defendant averring that at the commencement of the action both parties were residents of the state of Iowa. The parties were married in Nebraska in 1891, and continued to reside in this state until the spring of 1905. The defendant was a minister at the time of the marriage, and exercised his calling at different places in Nebraska for some time after the marriage. The parties finally moved to Blair, where, after preaching for one year, the defendant drifted into other occupations, and for a number of years did not officiate regularly as the pastor of any church. In February, 1905, the parties had some misunderstanding and some personal controversies. The plaintiff claims that the defendant assaulted her and otherwise mistreated her at that time, but they did not separate, but continued to live together as husband and wife. The defendant in April, 1905, received a call from a church in Iowa. It appears that both parties went there when he preached his trial sermon, and defendant was accepted as pastor of the church. They came back to Blair, and made arrangements to move from there to Iowa. They packed up practically all of their household goods and effects; the defendant claimed all, but the plaintiff claimed that some things were left in their home in Blair. The defendant moved to his new pastorate, while the plaintiff visited a few weeks with relatives in Nebraska. About the first of June she, with her children, went to the defendant in Iowa, and there lived with him in their new home until the 23d day of August. During the time that the plaintiff was visiting with her relatives in Nebraska, and while the defendant was preparing a home for them in Iowa, she wrote him a number of letters, which are in the record. These letters do not evince any unkindly feeling between the parties, but, on the contrary, abound in caressing and endearing terms. Without attempting to quote the evidence, suffice it to say that the record discloses to our satisfaction that it was the intention of the

35

parties to establish a home in Iowa, and that they did so establish it. In August the plaintiff represented to the defendant that she had received a letter informing her that her mother was seriously ill, and asking her to go at once to her mother. The defendant consenting to her going, took the plaintiff and their children to the railway station, provided her with funds, and parted with them at the station in an affectionate manner. The plaintiff confessed that she never received such a letter, and that it was merely an invention of her own and used as a ruse to get her children away from the defendant and to return to her people in Nebraska. She did not attempt to reestablish her home at Blair, but went immediately to the home of her parents in Dodge county, and within three days brought this action for a divorce.

At the outset of the action she filed an affidavit alleging that the defendant was a nonresident, as a basis for constructive service. It is true that upon the trial of the case she testified that she only went to Iowa temporarily, alleging that the defendant had agreed to treat her in a more kindly manner, and that, relying upon this promise, she agreed to go to him. She claims that he violated his promise, and further illtreated her. The evidence, however, does not disclose any serious fault of the husband after she went to him in Iowa. We are convinced from the record that the plaintiff and defendant both established a home in Iowa in good faith, and intended to make it their future permanent residence. It follows, then, that she could not regain a residence in Nebraska to entitle her to maintain an action for divorce until she had been here for a period of six months. She began the action within three days of her return to Nebraska. It follows that the court was without jurisdiction to grant a divorce to plaintiff in this case, and that the judgment of the district court was wrong, and should be reversed.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to dismiss the action.

Duffie and Epperson, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to dismiss the action.

REVERSED AND DISMISSED.