[No. 2235]

## LLOYD ASPINWALL, Appellant, *v.* ELIZABETH ROOSA ASPINWALL, Respondent.

[160 Pac. 253]

1. Divorce—Jurisdiction—Complaint.

Under Stats. 1915, c. 28, sec. 1, providing that divorce may be obtained by complaint to the court of the county in which the cause therefor accrued, or in which defendant shall reside or be found, or in which plaintiff resides, if the parties last cohabited there, or in which plaintiff shall have resided for six months, the complaint of a husband, not alleging his residence in the county, but merely that he is now therein, does not bring his status within the jurisdiction of the court, the matrimonial domicile of the parties being in another state, and the marital offenses complained of being such as might have been determined by the courts of the matrimonial domicile, though the complaint alleges that defendant can be found in and is a resident of the county, the right of the wife to acquire another domicile separate from him, where their unity is dissolved, not availing him.

APPEAL from Second Judicial District Court, Washoe County; *R. C. Stoddard,* Judge.

Action by Lloyd Aspinwall against Elizabeth Roosa Aspinwall. From an order dismissing the action plaintiff appeals. **Affirmed.**

*George Springmeyer*, for Appellant:

Where a plaintiff is a resident of the state and the defendant is found and served within the jurisdiction, the court has jurisdiction regardless of the length of plaintiff's residence. So long as the *res* is within the jurisdiction, the length of plaintiff's residence is immaterial, provided the parties are both found within the jurisdiction. If one party to a status can avail himself of the benefit of a court, so can the other party. (*Tiedemann* v. *Tiedemann*, 35 Nev. 259, 36 Nev. 494.)

"A statute may permit an action by a nonresident plaintiff against a resident defendant. (*Watkins* v. *Watkins*, 135 Mass. 83; *Smith* v. *Smith*, 4 D. C. 255.)" (*Tiedemann* v. *Tiedemann, supra.*) Only one of the parties is required to be domiciled within the state. (*Fitzpatrick* v. *Fitzpatrick*, 175 S. W. 444; *Bechtel* v. *Bechtel*, 101 Minn. 511; *Pawling* v. *Willson*, 12 Johns. 192; *Morgan* v. *Morgan*, 21 S. W. 154; 2 Bishop, Marriage, Divorce and Separation, sec. 119.)

The common and nearly universal statutes require a specified residence by the plaintiff in the state wherein he applies for a divorce. Of course, the legislature, being under no constitutional duty to grant a divorce at all, may establish limits beyond which the court must refuse it. But our legislature has seen fit to go further, and to grant the right to nonresident plaintiffs.

*Hoyt, Gibbons & French*, for Respondent:

The complaint in this action alleges no domicile within the State of Nevada on the part of the defendant. The lower court sustained the demurrer and dismissed the proceeding on the ground, among others, that the courts of Nevada had no jurisdiction of a divorce action where plaintiff was a mere transient within the state and was neither a resident within nor domiciled therein. No one,

not a resident of the state, either · has the capacity to sue
in the courts of the state for a divorce or to invest our
courts with jurisdiction of such a cause. The matri-
monial status can be brought before the court only
by one domiciled within the jurisdiction of the court.
.( *Van Fossen* v. *State,* 37 Ohio St. 317. )

The statute simply declares the venue in divorce actions
where jurisdiction otherwise exists, and does not confer
jurisdiction. The constitution gives our district courts
jurisdiction in all cases in equity, and an action for
divorce is a suit in equity. ( *Lyons* v. *Lyons,* 18 Cal. 447;
*Sharon* v. *Sharon,* 67 Cal. 185; *Wadsworth* v. *Wadsworth,*
81 Cal. 182. )

The legislature established a venue for divorce actions
where the plaintiff brought his status for determination
before the court by making this state his domicile.
(Wharton on Conflict of Laws, par. 209, *et seq.*)

It is a legal presumption that the domicile of the wife
is that of the husband; the party relying upon the acqui-
sition of another domicile by the wife must allege facts
showing that she could legally acquire such domicile.
(Wharton on Conflict of Laws, secs. 43, 45. ) When the
wife is a defendant, in the absence of justification on her
part, she is to be regarded, for the purposes of the suit,
as domiciled with her husband. ( *Cheely* v. *Cheely,* 110
U. S. 701; *Hood* v. *Hood,* 11 Allen, 196; *Toker* v. *Gerold,*
157 Mass. 42; *Burlen* v. *Shannon,* 115 Mass. 438; *Burtis* v.
*Burtis,* 161 Mass. 508; *Guest* v. *Guest,* 3 Ont. Rep. 344.)
It is only where the husband is guilty of some matri-
monial offense that the wife may acquire a separate
domicile. (*Ditson* v. *Ditson,* 4 R. I. 87; Bishop on Marriage
and Divorce, vol. II, sec. 127. )

*Brown & Belford, Amici Curiæ.*

By the Court, MCCARRAN, J.:

This was an action in divorce. The complaint in the
action set forth:

"That the defendant, Elizabeth Roosa Aspinwall, is now

living in and can be found in and is a *bona fide* resident of Washoe County, State of Nevada, and that plaintiff is now in said county; that substantial parts of this cause of action accrued in said Washoe County, State of Nevada."

Two causes of action are set up in the complaint in furtherance of plaintiff's prayer for a decree of divorce. The first cause of action is that of extreme cruelty resulting in mental anguish to the plaintiff, and so forth. The second cause of action is that of adultery, and the complaint in that respect alleges, on information and belief, acts of adultery committed by defendant in the town of Chatham, Morris County, State of New Jersey, and in the City of New York, State of New York, and at 700 Wheeler Avenue, in the City of Reno, State of Nevada, and elsewhere in the County of Washoe, State of Nevada.

A demurrer to the complaint was interposed by defendant, respondent herein, in which, among other things, the demurrant asserted the want of jurisdiction of the district court.

The matter being submitted on demurrer, the same was sustained by the court for want of jurisdiction. The plaintiff, appellant herein, declining to amend his complaint, an order was entered dismissing the action. From this order appeal is prosecuted to this court.

It will be observed that the complaint in this action makes no pretense at asserting either that the residence of the plaintiff was within this state, or that he was domiciled within the jurisdiction of the court. The plaintiff in the court below, appellant herein, sought to assert the jurisdictional prerequisite by alleging that the defendant, Elizabeth Roosa Aspinwall, "is now living in and can be found in and is a *bona fide* resident of Washoe County, State of Nevada."

Our statute applicable to the subject reads as follows:

"Divorce from the bonds of matrimony may be obtained, by complaint under oath, to the district court of the county in which the cause therefor shall have accrued, or in which the defendant shall reside or be found, or in which the plaintiff shall reside, if the latter be either the

county in which the parties last cohabited, or in which the plaintiff shall have resided six months before suit be brought, for the following causes.   *   *   *" (Stats. 1915, p. 26.)

The appellant in this case relies upon the decision of this court in the case of *Tiedemann* v. *Tiedemann,* 36 Nev. 494, 137 Pac. 824. In that case the wife, Gertrude Eleanor Tiedemann, alleged in her complaint:

"I. That plaintiff is a resident of Carson City, Ormsby County, State of Nevada.

"II. That plaintiff is informed and believes, and upon such information and belief alleges the fact to be, that said defendant is now within, and can be found in said county of Ormsby, and within the jurisdiction of this court."

The distinction between the allegations of residence contained in the complaint in the Tiedemann case and those found in the complaint in the case at bar must not be lost sight of in arriving at a correct application of the law of the case. In the matter at bar the husband, Lloyd Aspinwall, files his complaint, making no allegation or even attempted allegation of residence within this state or within the jurisdiction of the district court. In this respect the only averment in the complaint is "that plaintiff is now in said county." In the Tiedemann case the wife, as plaintiff, asserted her residence within the jurisdiction of the district court, and alleged grounds which would warrant the assumption of separate domicile.

We approach the consideration of the matters presented in this record in the light of legal doctrines quite well established. At common law it was a well-founded rule that a woman on her marriage loses her own domicile and acquires that of her husband. (*Barber* v. *Barber,* 21 How. 582, 16 L. Ed. 226; *Harrison* v. *Harrison,* 20 Ala. 629, 56 Am. Dec. 227; *Jenness* v. *Jenness,* 24 Ind. 355, 87 Am. Dec. 335; *Hairston* v. *Hairston,* 27 Miss. 704, 61 Am. Dec. 530; Ann. Cas. 1912D, 400, note.)

While this general rule established at common law may prevail today, modern law and modern decisions have

established at least one well-founded and well-sustained exception.

The Supreme Court of the United States, in the case of *Cheever* v. *Wilson*, 9 Wall. 108, 19 L. Ed. 604, in answer to the proposition that the domicile of the husband is the wife's,' and that she cannot have a different one from his, said:

"The converse of the latter proposition is so well settled that it would be idle to discuss it.  The rule is that she may acquire a separate domicile whenever it is necessary or proper that she should do so.  The right springs from the necessity for its exercise, and endures as long as the necessity continues.  (2 Bishop on Marriage and Divorce, 475.)  The proceeding for a divorce may be instituted where the wife has her domicile.  The place of the marriage, of the offense, and the domicile of the husband are of no consequence.  (*Ditson* v. *Ditson*, 4 R. I. 87.)"

Eminent authority supports the proposition that under modern law the wife may acquire a domicile separate and distinct from that of her husband where the unity of the husband and wife is breached, as, for instance, where the husband has given cause for divorce (*Atherton* v. *Atherton*, 155 N. Y. 129, 49 N. E. 933, 40 L. R. A. 291, 63 Am. St. Rep. 650; *Frary* v. *Frary*, 10 N. H. 61, 32 Am. Dec. 395; *Buchholz* v. *Buchholz*, 63 Wash. 213, 115 Pac. 88, Ann. Cas. 1912D, 395, note; *Duxstad* v. *Duxstad*, 17 Wyo. 411, 100 Pac. 112, 129 Am. St. Rep. 1138; 9 R. C. L. 545), or where by mutual agreement there is a separation (9 R. C. L. 545), or where by the institution of divorce proceedings the dissolution of the unity is made manifest (*Jenness* v. *Jenness*, *supra; McGrew* v. *Mutual Life Insurance Co.*, 132 Cal. 85, 64 Pac. 103, 84 Am. St. Rep. 20).

It may, we think, be safely asserted as an established proposition of law that, if the plaintiff is a *bona fide* resident of the state of the forum, the courts of that state may acquire jurisdiction to decree a divorce in his or her favor irrespective of the domicile or residence of the defendant.  (9 R. C. L. 400.)

In the case of *Tiedemann* v. *Tiedemann, supra,* this court held that an action for divorce may be instituted by a resident of the state in a court of the county, regardless of the residence of the defendant if it is alleged that the defendant can be found within the county where the suit is instituted and is actually served with process therein.

The residence of the wife, the defendant in the case at bar, even though the same might be within this state and within the alleged county, would, as we view it, avail nothing in the way of conferring jurisdiction where the plaintiff, the husband, was a resident of and domiciled in another state and made no pretense of asserting residence within this jurisdiction. The fixed domicile of the parties was the domicile of the husband, the plaintiff in this action. True, the wife might, under conditions heretofore referred to, establish a separate domicile, and, when the same was established under the laws of the state, she might sue for divorce, and thereby confer jurisdiction upon the courts of the state in which her new domicile was fixed; but such is not the case presented in the record before us. The matrimonial domicile of the parties in the case at bar was in another jurisdiction, and, in so far as the plaintiff in this action was concerned, he, claiming no residence or domicile within this state, could not, as we view it, bring his status within the jurisdiction of our district court. Domicile in legal contemplation depends, not alone upon residence, but upon all the circumstances surrounding the act of residence. (9 R. C. L. 540.)

The establishment of residence, like that of domicile, must depend largely upon the intention of the party, and no intention can be even assumed where in a matter of this kind the party seeking to confer jurisdiction on the courts for the purpose of having the latter determine his marital status declines to even assert his residence.

The rule recognizing the right of the wife to acquire another and separate domicile from her husband where

their unity is dissolved will not avail in behalf of the husband to the extent that he may go into a jurisdiction foreign to the matrimonial domicile, and, without asserting his residence or domicile therein, invest the courts with jurisdiction to determine his marriage status. (*Haddock* v. *Haddock*, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1.)

The right of the wife to establish a separate residence and domicile from that of the husband arises out of the necessity of the case, and, as we view the law, her right to assert a separate residence grows out of the grounds or causes by reason of which the matrimonial unity no longer exists in fact. It is the averment of a residence separate and apart from that of the husband, together with the causes for such separate residence, that gives the wife the right to sue for divorce in the courts of a jurisdiction other than that of the matrimonial domicile.

This case is to be distinguished from the case of *Tiedemann* v. *Tiedemann, supra,* inasmuch as in that case the wife asserted in her verified complaint grounds which, if proven, were sufficient to establish a cause for her maintenance of a separate residence and domicile, and coupled with these averments was the allegation of her residence within this jurisdiction; while in this case no averment of residence on the part of the husband, the plaintiff, appears, and the marital offenses of which he complains were such as might properly have been determined by the courts of the matrimonial domicile.

We are cited to many authorities, some of which bear directly and others indirectly upon the question at bar. But in reviewing these authorities we must not lose sight of the fact that we are dealing with a matter of public concern, one in which the basic or underlying thing applicable to the conference of jurisdiction is that of the status of the parties to a marriage contract; and, while there is a lack of uniformity in the decisions, there is nevertheless a strong tendency appearing in those decisions which we deem best considered to hold that the question of domicile is vital in determining jurisdiction.

In the case of *Loker* v. *Gerald,* 157 Mass. 42, 31 N. E. 709, 16 L. R. A. 497, 34 Am. St. Rep. 252, the very question which we deem the turning point in the matter at bar was touched upon. In that case the parties were married in Massachusetts and lived together until the wife deserted the husband, who afterwards moved to Colorado, and there prosecuted a divorce against the wife on grounds of desertion and adultery. There the court said:

"It is sufficient for the present case to say that by our decision, it not appearing that the wife separated from her husband for justifiable cause, her domicile followed his, and that therefore, for the purpose of divorce, the court in Colorado had jurisdiction of both the parties, within the meaning of the statute."

In the case of *Keil* v. *Keil,* 80 Neb. 496, 114 N. W. 570, the Supreme Court of Nebraska had under consideration a question quite similar to that at bar, in which Keil, a minister, having received a call from a church in Iowa, moved with his wife and family to the latter state. After living in Iowa for some months, the wife with her children returned to the State of Nebraska, their former residence, and within three days after arriving in the latter state she brought her action for divorce, alleging that the defendant was a nonresident. It was held that, the plaintiff and defendant having established a home in Iowa with intention to make it their future residence, the plaintiff, the wife, could not regain her residence in Nebraska to entitle her to maintain an action for divorce until she had been there for a period of six months.

Many authorities may be found where, following the rule laid down by this court in the case of *Tiedemann* v. *Tiedemann, supra,* the wife, declaring her residence to be in a jurisdiction foreign to that of her husband, has successfully maintained an action for divorce even through constructive service. Indeed, many other cases have been cited to us where the husband, moving to another jurisdiction than that of the matrimonial domicile, has taken up his residence in the foreign domicile, and there successfully prosecuted his suit for dissolution of the

marital relations.    But the case at bar falls within a different class from either of these, inasmuch as the husband, the plaintiff here, fails to assert domicile or residence within this state, and the status of the parties is not by any allegation declared to be within the jurisdiction of our district court.

As we have already stated, the question of residence is one that may depend upon both the acts and the intention of the party seeking to establish the same.    It is a question which involves both the law and the facts, and may be determined by the acts and conduct of the party and by other matters susceptible of proof.    (*Hulett* v. *Hulett*, 37 Vt. 586; *Reeder* v. *Holcomb*, 105 Mass. 94; *Gambrill* v. *Schooley*, 95 Md. 260, 52 Atl. 500, 63 L. R. A. 427; *Kennedy* v. *Ryall*, 67 N. Y. 379; *Hope* v. *Flentge*, 140 Mo. 390, 41 S. W. 1002, 47 L. R. A. 806; 9 R. C. L. 556.)

In applying the statute of this state relative to jurisdiction in divorce proceedings, as in applying the statutes of any state, the matrimonial domicile of one or the other of the parties to the action, it must be borne in mind, is essential to confer jurisdiction over the status of the marital relation.    The complaint must allege that one or the other of the parties has a domicile within the jurisdiction of the court in addition to alleging any other facts necessary to comply with statutory requirements such as residence or presence within the county where the suit is instituted.    Statutes regulating divorce are presumed to be enacted with reference to the general law relative to the marriage relation and are to be construed with reference to that law.    Marital status follows marital domicile and is independent of the corporeal presence of either or both of the parties.    It is for this reason that the courts of one state are without power to annul a marital status which exists in another state.    Where neither party to the suit has a domicile within the state where the action is instituted, the courts of that state are without jurisdiction of the subject-matter of the action.    A state may empower its courts to dissolve the marital relation where only one of the parties has a

domicile within the state, and its statutes may make it immaterial whether it be the domicile of the plaintiff or the defendant.    Such, we think, is the law of Nevada.

The difficulty with the complaint in the case at bar lies in the fact that the plaintiff does not allege residence and hence no domicile in this state in himself.    The allegation of residence in the defendant wife, without the allegation of facts from which it would follow that her domicile is separate from that of her husband, is insufficient.    From the allegations of the complaint, the matrimonial domicile of the defendant wife must be assumed to be the same as that of the husband plaintiff, and that is not alleged to be within the jurisdiction of the court.

The intention of the party may be established by proof as any other element going to the merits of the action and as any other fact in the case may be determined by the trial court.

The order of the trial court is affirmed.

It is so ordered.

*Per Curiam:*

Petition for rehearing denied.