MATTER OF ADAMO

In Visa Petition Proceedings

A-11819345

*Decided by Board October 17, 1968*

Since petitioner's marriage to beneficiary in Nevada, following a Mexican "mail order" divorce obtained by beneficiary (in connection with which he was physically present in Mexico only briefly to obtain a lawyer and neither he nor his wife appeared before the divorce court), is not valid under the laws of Nevada as the matter of domicile was not satisfied for acceptance of jurisdiction of the foreign court over the parties and for recognition of the foreign divorce decree, such marriage is not valid to confer second preference status on beneficiary.

ON BEHALF OF PETITIONER:　Robert D. Barbagelata, Esquire
109 Geary Street
San Francisco, California 94108

This case comes up from a denial of a visa petition to accord the beneficiary preference status as a spouse of a lawful permanent resident under section 203 (a) (2) of the Immigration and Nationality Act, as amended.

The beneficiary is a native of Italy, citizen of Canada, who last entered the United States on December 27, 1958. On December 27, 1958, the beneficiary obtained a divorce from his first wife, Maria Cainardi, from the Court of Yautepec, Fifth Judicial District, State of Morelos, Mexico whereupon the beneficiary on January 29, 1959, married the petitioner in a ceremony performed in Reno, Nevada. A child of this marriage was born in San Francisco on June 10, 1959.

In a sworn statement dated February 2, 1968, before an officer of the Immigration Service the beneficiary testified that he obtained his Mexican divorce through a lawyer he had hired in Tiajuana, Mexico and that neither he nor his wife personally appeared before the court in the divorce proceedings. The record indicates that the beneficiary went to Tiajuana to make the arrangements with the lawyer for the divorce. The District Direc-

tor denied the visa petition of February 8, 1968 on the ground that the previous marriage of the beneficiary was not terminated and that the divorce obtained was invalid under the laws of the State of Nevada.

It must be noted in passing that the record indicates that while the beneficiary and the petitioner were married in the State of Nevada, their matrimonial domicile from the time of the marriage to the present was in the State of California.[1] Counsel for the petitioner in his appeal asserts that physical presence of the beneficiary in Mexico at the time he applied for his divorce is sufficient to give the court in Morelos jurisdiction over the parties and that therefore the State of Nevada will accept the divorce rendered in Mexico as a lawful termination of the prior existing marriage of the beneficiary. At the outset the type of divorce obtained by the beneficiary appears from all respects to be a Mexican mail order divorce. (A mail order divorce is one in which the plaintiff (in this case the beneficiary) not ever being a resident of Mexico corresponds with an attorney to prepare the necessary papers and the plaintiff signs them and secures the decree without being present in Mexico.) The variation of this presented by the instant case is that the beneficiary was present in Mexico briefly to obtain a lawyer.

The question to be decided in this appeal is whether Nevada will accept mere physical presence in Mexico as being sufficient to confer jurisdiction on the foreign court to render a divorce which Nevada will recognize for the purpose of determining the validity of a marriage celebrated in Nevada.

A review of the Nevada laws and decisions does not clearly indicate what the Nevada Court position is with regard to the validity of Mexican mail order divorces. It therefore becomes necessary to determine what the State of Nevada requires before it will accept the jurisdiction of a foreign court to render a decree binding on Nevada.

The rule that is generally followed in the United States is that domicile of at least one of the spouses is essential to give the court jurisdiction to grant the divorce. The rule applies to decrees of foreign nations as well as decrees within the United States even though domicile is not required by the laws of the jurisdic-

---

[1] The matrimonial domicile of the parties in the State of California suggests that perhaps the law of Nevada would not be controlling since California has substantial interest in the matter. However, section 63 of the California Civil Code states that the validity of marriages celebrated outside the State of California is governed by the law of place of celebration, and therefore we need only concern ourselves with the applicable Nevada law.

tion which grants the divorce (24 Am JUR 2d Sec. 965). As a result, Mexican mail order divorces are not recognized in the United States. Insofar as the State of Nevada is concerned, it appears from the reading of the case law that Nevada also imposes the requirement of domicile in determining whether a foreign divorce was rendered by a court having jurisdiction over the parties. In *Aspinwall* v. *Aspinwall*, 40 Nevada 55, 160 P. 253 (1916), the court stated the following rule:

Where neither party has a domicile within the State where the action is instituted, the courts of that State are without jurisdiction of the subject matter of the action. A State may empower its courts to dissolve the marital relation where only one of the parties has a domicile within the State and its statutes may make it immaterial whether it be the domicile of the plaintiff or the defendant. Such we think is the law of Nevada.

While counsel for the petitioner alleges that the beneficiary was physically present in Mexico, it appears that under the laws of Nevada mere physical presence as opposed to actual domicile will not suffice to confer jurisdiction of the court over the subject matter in a divorce proceeding, thereby inducing Nevada to recognize a foreign divorce. In *Bates* v. *Bates*, 53 Nevada 77, 292 P. 298 (1930), the question arose as to whether or not Nevada should give extraterritorial operation to a decree of judicial separation granted by a court in England. In that case the wife, as party plaintiff, sought a decree of judicial separation from her husband who at the time of the institution of the action was residing in Canada. Six years later the husband filed for a divorce in Nevada on the grounds of cruelty. In deciding the question of what effect the prior decree of judicial separation had over the husband's subsequent action for divorce, the court took notice of whether or not jurisdiction existed in the first cause. The court held that as a matter of comity the judgment for judicial separation operated as a bar to the husband's action for divorce. The court ruled a decree for judicial separation was pronounced by a court of the domicile and as such was to be accorded extraterritorial operation and effect so long as one of the spouses remained in the jurisdiction which granted the separation. Thus the finding that the court in England had jurisdiction over the parties was grounded on the finding that there was domicile by one of the parties in the action.

As a consequence we find that the State of Nevada demands that the requirement of domicile be satisfied before it will accept the jurisdiction of a foreign court over the parties to a divorce action and it will not recognize a foreign divorce decree in which the requirement of domicile is lacking. It follows then that Nevada

would not recognize this divorce as legally terminating the prior marriage of the beneficiary and it would rule that as a consequence the marriage performed there was invalid. We therefore affirm the decision of the District Director denying the visa petition for preference under section 203(a)(2).

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.