MAGGIE L. LOKER *vs.* NATHANIEL R. GERALD.

Middlesex. January 12, 1892. — June 24, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Foreign Divorce — Validity here — Domicil of Resident Wife.*

A divorce obtained by the husband in another State, in accordance with the statutes of that State, for desertion by the wife, who lived here, where the parties were married and resided until his removal to the other State, which was not for the purpose of obtaining the divorce, will be recognized as valid here, it appearing that the wife was duly served with process here, in accordance with the statutes of the other State, and it not appearing that she separated from her husband for justifiable cause.

WRIT OF DOWER, dated September 23, 1889, by the alleged widow of William Loker. Plea, *nul disseisin*, with a specification of defence that the demandant was not the widow of William Loker. Trial in the Superior Court, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows.

It was admitted by the tenant that the demandant was entitled to dower in the demanded premises, unless she was barred of dower by a divorce obtained by William Loker from her in the court of Rio Grande County in the State of Colorado; and he offered in evidence a certified copy of the record of such divorce. The demandant contended that the copy of the record did not show a valid divorce; but the judge admitted it in evidence, and from it the following facts appeared. 1. That on July 24, 1879, William Loker filed in said court a bill of

complaint for divorce, alleging that he and the present demandant were married in this Commonwealth on August 19, 1871; that he was and had been a resident of the State of Colorado for more than a year immediately preceding the commencement of the action; that in March, 1878, the demandant deserted him without cause, and had ever since lived apart from him without sufficient cause and against his will; and that on March 12, 1879, and at various other times since then, she had committed adultery with a person named. 2. That a summons was issued on said July 24, 1879, by said court, requiring the demandant to appear and answer said complaint within a time named. 3. That a return of *non est inventus*, dated July 28, 1879, was made on said summons by an officer. 4. That an affidavit was subscribed and sworn to on August 1, 1879, by William Loker, in which he stated that his wife resided out of the State of Colorado, and that her residence was in this Commonwealth, and that the officer had made the return above stated. 5. That an order was issued by said court on August 1, 1879, that service of said summons be made upon the demandant by publication in a certain newspaper, and that a copy of said summons and a certified copy of said complaint be sent by mail to her residence. 6. That an acceptance of service of said summons, and an acknowledgment of the receipt of a copy thereof and of a copy of said complaint, were made on August 19, 1879, by the demandant in this Commonwealth. 7. That, after a hearing upon said complaint, on November 4, 1879, a decree of divorce was entered by said court in favor of said William Loker for desertion by the demandant.

It was not claimed by the demandant that said William Loker went to Colorado for the purpose of procuring a divorce.

The statutes, Code of Procedure, and reports of the Supreme Court of Colorado were put in evidence; and it was agreed that the same might be referred to and treated as evidence at the hearing in this court.

The judge ruled that the divorce obtained by William Loker in Colorado was valid and effectual in this Commonwealth; and directed a verdict for the tenant.

If the ruling was right, judgment was to be entered on the verdict; otherwise, a new trial was to be granted.

*L. H. Wakefield*, for the demandant.

*P. H. Cooney*, for the tenant.

FIELD, C. J.   We think that it appears that the divorce was obtained in the State of Colorado in accordance with the statutes of that State, and that the service of process on the wife, who is the demandant in the present action, was also in accordance with these statutes.   The report recites that " It was not claimed by the demandant that the said William Loker went to Colorado for the purpose of procuring a divorce," and it must be taken that he was a *bona fide* resident of that State for more than a year before his suit for divorce was brought, which is the time required by the statutes of Colorado when the cause of divorce occurred in another State.   A copy of the bill of complaint for divorce and of the summons was served on the wife in Massachusetts, where she lived ; and the causes of divorce set forth by the bill were desertion for more than a year, and adultery, and the court after hearing evidence decreed a divorce from the bonds of matrimony for desertion.   Great pains were taken to give the wife notice and an opportunity to be heard.   The parties were married in Massachusetts and lived here as husband and wife, but the husband removed to Colorado, and we infer that the wife did not, but remained in Massachusetts, and we infer that the desertion on account of which the divorce was granted began in Massachusetts.   The real contention is, that, as the wife was never domiciled in Colorado and was never served with process in that State, the court had no jurisdiction over her to dissolve the marriage.

It must be noticed that, by our statutes, desertion continued for three years, and adultery, are causes of divorce, and that these statutes authorize divorces for causes occurring in other States, even when the parties were not married in this Commonwealth, and were not inhabitants of the Commonwealth at the time of the marriage, provided the libellant has resided in the Commonwealth for five years next preceding the filing of the libel and did not remove into the Commonwealth for the purpose of obtaining a divorce.   Pub. Sts. c. 146, § 5.   In practice here, divorces are often granted, in cases in which the libellee has never resided within the Commonwealth, upon service made by publication, and by a registered letter sent to the libellee, or

by notice served upon him or her in another State, as the court may direct.    Pub. Sts. c. 146, §§ 9, 10.

The Pub. Sts. c. 146, § 41, provide that " a divorce decreed in another State or country according to the laws thereof, and by a court having jurisdiction of the cause and of both the parties, shall be valid and effectual in this Commonwealth," except in certain cases not material to the present inquiry.    The various decisions of the courts of different States and countries on the question of the jurisdiction of a court to dissolve the bonds of matrimony when only the libellant is domiciled within the State or country to which the court belongs, and the effect to be given to a decree of divorce in other States or countries, if the court takes jurisdiction and enters a decree, are well known, and they are fully considered in 2 Bishop on Marriage, Divorce, and Separation, §§ 41–190.    It is sufficient for the present case to say, that by our decisions, it not appearing that the wife separated from her husband for justifiable cause, her domicil followed his, and that therefore, for the purpose of divorce, the court in Colorado had jurisdiction of both the parties within the meaning of the statute.    The fact that our courts grant divorces under somewhat similar circumstances is a reason why, as a matter of comity, we should recognize the validity of this divorce. *Burlen* v. *Shannon*, 115 Mass. 438.

We are not now required to consider whether the rule of law would not be the same independently of the legal fiction that the domicil of the wife follows that of the husband.    The decision in *Cummington* v. *Belchertown*, 149 Mass. 223, was upon the effect of a decree annulling the marriage *ab initio*, and the court expressed no opinion upon the effect of a decree of divorce made under the circumstances there stated.

*Judgment on the verdict.*