JULIA A. DICKINSON *vs.* MARSHALL D. DICKINSON.

Hampshire.    October 2, 1896. — February 5, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Divorce — Finding — Decree.*

Evidence that a husband, whose marriage in this Commonwealth was a compulsory one, never lived with his wife, except that he staid with her over night a few times shortly after the marriage, and never did anything for her support, and that about a year afterwards, without saying anything to her about going away, he went into another State, where, soon after he was able to do so under its laws, he applied for and subsequently obtained a divorce from her, and during the following year returned to his former home here and continued to reside here, will warrant a finding, at the hearing of a libel for divorce by her on the ground of his desertion, that he went to the other State for the purpose of obtaining his divorce for a cause which occurred here while the parties resided here, intending to return here to live after it was obtained; and will justify the entry of a decree in her favor.

LIBEL for divorce, filed September 20, 1895, on the ground of desertion. Trial in the Superior Court, before *Dewey*, J., who entered a decree in favor of the libellant; and, at the libellee's request, reported the case for the determination of this court. The facts appear in the opinion.

  *T. G. Spaulding & W. G. Bassett*, for the libellee.

  *H. C. Nash, Jr. & S. S. Taft*, for the libellant.

  LATHROP, J.    The only question which is raised by the report in this case is whether the judge who presided in the court below was justified by the evidence in entering a decree for the libellant. This raises a question of law, for in divorce cases we have no authority to revise the findings of the judge who heard the case on matters of fact, if the evidence is sufficient to warrant the findings. *Smith* v. *Smith, ante*, 87.

  The libellee set up in his answer a divorce obtained by him from the libellant in the present case in the State of Indiana, in January, 1873, on proceedings begun by him in February, 1871. The judge found that this divorce was obtained by due and regular proceedings in the proper court in Indiana, and in accordance with the laws of that State; but that he went to Indiana for the purpose of obtaining it for a cause which occurred here

while the parties resided here, intending to return to this Commonwealth to live after it was obtained, and that he did so return and has lived here ever since.

It is provided by the Pub. Sts. c. 146, § 41, as follows : " A divorce decreed in another State or country according to the laws thereof, and by a court having jurisdiction of the cause and of both the parties, shall be valid and effectual in this Commonwealth ; but when an inhabitant of this Commonwealth goes into another State or country to obtain a divorce for a cause which occurred here while the parties resided here, or for a cause which would not authorize a divorce by the laws of this Commonwealth, a divorce so obtained shall be of no force or effect in this Commonwealth."

Whether, if the libellee had acquired a domicil in Indiana at the time he filed his application for a divorce there, we should recognize his divorce as valid, under Art. 4, § 1, of the Constitution of the United States, providing that " full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State," we find it unnecessary to decide.

By the laws of Indiana, a divorce may be decreed for certain causes stated, " on petition filed by any person who, at the time of the filing of such petition, shall have been a *bona fide* resident of the State one year previous to the filing of the same." St. Ind. 1862, pt. 2, c. 6, § 6. The only ground upon which the courts of Indiana put their jurisdiction to decree a divorce, where the marriage has taken place and the cause for divorce has occurred in another State, is that the party applying for a divorce in Indiana had obtained in good faith a domicil there. *Tolen* v. *Tolen*, 2 Blackf. 407. See also *Wilcox* v. *Wilcox*, 10 Ind. 436 ; *Prettyman* v. *Prettyman*, 125 Ind. 149.

So, too, in *Cheever* v. *Wilson*, 9 Wall. 108, 123, where a divorce obtained in Indiana by a woman against her husband was held to be valid, it was put upon the ground that the decree in Indiana was at least *prima facie* evidence, and that, giving the fullest effect to the adverse testimony as it appeared in the record, it only raised a suspicion that the *animus manendi* may have been wanting. In delivering the opinion of the court, it was said by Mr. Justice Swayne, " The only question is as to the reality of her new residence and of the change of domicil."

While the judge in terms has not said that the libellee did not acquire a domicil in Indiana, we are of opinion that this is fairly to be implied from the language used, taken in connection with the evidence. If the libellee did not acquire a domicil in Indiana, the court there had no jurisdiction, under the decisions last cited, to dissolve the marriage with the libellant, for a cause occurring here. See also *Burlen* v. *Shannon*, 115 Mass. 438; *Sewall* v. *Sewall*, 122 Mass. 156; *Ross* v. *Ross*, 129 Mass. 243; *Cummington* v. *Belchertown*, 149 Mass. 223; *Winship* v. *Winship*, 1 C. E. Green, 107.

The case at bar is distinguishable from *Loker* v. *Gerald*, 157 Mass. 42, for the reason that it was there found that the husband did not leave the State to obtain a divorce in another State.

The main contention of the libellee is, that the finding of the judge was not warranted by the evidence. It is true that the libellee testified that he did not leave the Commonwealth to obtain a divorce, and that the idea did not occur to him until he had been in Indiana for some time; but there was evidence sufficient to justify the judge in not believing him, and in finding to the contrary. The evidence tended to show that both parties were domiciled in Amherst, in this Commonwealth, at the time of the marriage on September 15, 1868; that the marriage was a compulsory one, being made nine days after the libellant gave birth to a child, of which the libellee was, as she contended, the father; that the parties never lived together as husband and wife after the marriage, except that he occupied the same room with her over night three or four times during two weeks after the marriage; that he never did anything for her support; that he left Amherst about a year after the marriage, without saying anything to her about going away; and that after being in Ohio a few weeks he went to Indiana. The precise date of his arrival there does not appear, but he testified that he went to Winchester in December, 1869, and stayed there about a year, then went, in January or February, 1871, to Lebanon, where his complaint for divorce, as appears by the record, was filed on February 22, 1871. The divorce was granted on January 7, 1873, and in September, 1874, the libellee returned to Amherst, where he has since resided.

Neither the complaint nor the order of notice by publication

states the residence of the wife, although this was known to the libellee. It is further to be noticed that the evidence introduced in the case in Indiana to show one year's residence fixes no date of knowledge of the complainant's being in Winchester earlier than February 19, 1870.

It often has been held by this court, that the fact that a man abandons his wife and goes into another State, and there applies for a divorce soon after he is able to do so, warrants the inference that he goes there for that purpose. *Lyon* v. *Lyon,* 2 Gray, 367. *Chase* v. *Chase,* 6 Gray, 157, 162. In *Smith* v. *Smith,* 13 Gray, 209, the presumption arising from such a fact is said by Chief Justice Shaw to be "violent, if not conclusive." See also *Sewall* v. *Sewall,* 122 Mass. 156.

In the case before us, not only does the early application for a divorce appear, but the other evidence which we have stated tends strongly to show that the judge was justified in his finding, and in entering a decree *nisi* for the libellant.

*Decree affirmed.*