CARRIE A. BECHTEL v. WILLIAM F. BECHTEL.[1]

July 12, 1907.

Nos. 15,188—(162).

**Divorce—Actual Resident.**

Section 3597, R. L. 1905, providing for a limited divorce in an action by a married woman, an "actual resident" of the state at the time of filing her complaint, construed, and *held* to apply to a married woman having a legal domicile or established residence in this state, as distinguished from one having only a temporary abode therein.

**Departure from Domicile—Intent.**

Whether a departure from an established domicile in this state to and a residence in some other state results in an abandonment of the same as a legal residence depends upon the circumstances surrounding each particular case, and the question is controlled largely by the intention of the person making the change.

**Question of Fact.**

It is ordinarily a question of fact.

**Departure Under Compulsion.**

Plaintiff and her husband had an established permanent residence in this state. Plaintiff was compelled by her husband, under threat of withdrawing all allowance for her support, to remove to the state of Massachusetts. She complied with her husband's command and removed to that state, but by reason of the compulsion, and with no intention of abandoning her home in this state. She remained in Massachusetts several years, and was residing there when this action was commenced. *Held*, that she was an "actual resident" of this state, within the meaning of section 3597, R. L. 1905.

**Evidence.**

Findings of the trial court *held* sustained by the evidence.

Action in the district court for Hennepin county for a limited divorce. The case was tried before Brooks, J., who made findings in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Kerr & Fowler,* for appellant.

*Wilson & Mercer* and *L. W. Collins,* for respondent.

[1]Reported in 112 N. W. 883.

BROWN, J.

Action for limited divorce under section 3597, R. L. 1905, in which plaintiff had judgment, and defendant appealed from an order denying a new trial.

The facts are substantially as follows: The parties were married to each other at Omaha, in the state of Nebraska, on the 16th of May, 1894, and have since continued to be, and now are, husband and wife. They resided together as such until August 30, 1901, when a separation between them took place, induced and brought about by the wrongful conduct of defendant, the facts with reference to which will be stated presently. At the time of the marriage plaintiff was a widow with two children, and defendant a widower with two children; but no children were born of this marriage. Soon after the marriage, in the fall of 1895, the parties, together with their said children, removed to the city of Minneapolis, this state, where they took up their permanent residence. On August 30, 1901, plaintiff, contrary to her will and desire, was directed and compelled by defendant to depart from their residence in Minneapolis, and with her two children to go to the town of Franklin, in the state of Massachusetts, where she has since remained. Her removal to Massachusetts was caused solely by the misconduct of defendant. The evidence discloses that he had become dissatisfied with his wife and in effect drove her from his home. As a sole condition for continued support, he compelled her to take up her temporary abode in Massachusetts, declaring that, if she refused to remove to that state, he would cut off all allowance for her support and maintenance. Induced thereby, she removed to Massachusetts, but, as the trial court found, never took up her permanent abode there, nor intended to abandon this state as her legal residence. In consideration of her departure and continued presence in Massachusetts, defendant agreed to, and did up to a short time prior to the commencement of the action, pay her the sum of $200 per month for her support. Plaintiff had no other means of providing for her necessaries. These payments ceased after April, 1905, defendant refusing longer to make them on the ground and for the reason that plaintiff had refused to join with him in the execution of a mortgage upon certain of his property in this state. Though well to do and capable of supporting his wife, defendant has since the date aforesaid wholly failed to provide for her in any respect. Upon these facts, more fully set out in the findings,

the trial court ordered judgment of separation, with an allowance of suit money and alimony.

The questions presented to this court for consideration are (1) whether, in view of the facts disclosed as to plaintiff's residence or presence in Massachusetts, she was an "actual resident" of this state at the time the action was commenced and for a year preceding, within the meaning of the statute under which the action was brought, and (2) whether the trial court's finding of cruel and inhuman treatment, the basis of the action, is sustained by the evidence.

Upon the last question we have no doubt, within our decisions, that the ill treatment to which plaintiff was subjected, though it may not have impaired her health, fully justified the conclusion reached by the trial court. It is true there was no physical violence inflicted upon plaintiff, nor is there any finding that defendant's misconduct impaired her health, yet within the case of Williams v. Williams, supra, p. 400, 112 N. W. 528, his conduct in driving her from his home, compelling her to remove to Massachusetts, there to remain under threat of withdrawing all allowance for her support, coupled with other slights and acts of ill treatment leading up to her expulsion from the state, was sufficient to justify the limited divorce granted. In the Williams case, above referred to, the trial court expressly found as a fact that the misconduct of defendant (the wife) toward plaintiff, consisting of slanderous charges and insinuations of immorality, constant nagging and scolding, unaccompanied with personal violence, did not impair the health of plaintiff, yet the court granted a divorce. We sustained that conclusion. The facts in the case at bar bring it within the principle of that decision, and we follow and apply it.

The principal question in the case is that of jurisdiction. It is contended by counsel for defendant that plaintiff was not at the time the action was commenced an "actual resident" of this state, within the meaning of the statute, and that the court, therefore, had no jurisdiction to grant the relief prayed for. The solution of this question depends upon the construction to be given the statute under which the action was brought.

Section 3597 of the statutes provides as follows: "A separation from bed and board forever, or for a limited time, may be adjudged * * * on the complaint of a married woman in the following cases: 1. Be-

tween any husband and wife, inhabitants of this state. 2. [Not here involved.] 3. When the marriage shall have taken place out of this state, and the parties have been inhabitants of this state at least one year, and the wife shall be an actual resident at the time of filing her complaint." The word "inhabitant" or "resident" is ordinarily used to indicate a person with a fixed domicile or legal residence. An "inhabitant," therefore, is one who has an established residence at a given place. Kennedy v. Ryall, 67 N. Y. 379. Webster defines the word "inhabitant" to mean a dweller, one who dwells or resides permanently in a place, or who has a fixed residence, as distinguished from an occasional visitor. As employed in statutory enactments, its meaning, as interpreted by the courts, varies as the legislative intent appears, and in harmony with the subject-matter, object, and purpose of the statute. The purpose of statutes authorizing divorces, either absolute or limited, in restricting the right of action to residents of the state, is to prevent nonresidents from coming into our courts with their grievances, and to compel them to resort for relief from matrimonial entanglements to the courts of the place of their abode.

It may be that the legislature intended by the statute in question to extend the right of limited divorce to married women actually residing in the state, without regard to whether they have an established domicile or permanent residence therein, or not. If so, a married woman having a legally established domicile in some other state could maintain the action if she and her husband had actually resided in the state for a year preceding the action, though their presence here was not intended to be permanent. But whether the statute should be construed to include such a case we need not determine.

We are clear that the legislature did not intend, by the use of the words "inhabitants of this state at least one year" or "actual resident at the time of filing her complaint," to deny the relief there provided to married women having a legal residence within the state, but who might be absent temporarily when the action was commenced. It is manifest, having in view the purpose of restricting actions of this sort to actual residents, that the statute was intended for the benefit of citizens of the state, those having an established permanent domicile here, and to limit its application to those personally within its boundaries

would unnecessarily restrict its scope and purpose. Every purpose of the law is conserved when the application of the statute is confined to persons having a permanent abode within our borders, to the exclusion of those acquiring a residence here for the purpose of divorce proceedings only. No good reason can be urged for withholding the relief from a person who has a legal residence here merely because he or she may be temporarily absent in some other state. It is generally held by the courts, in construing similar statutes, that mere residence in the state, without domicile, is insufficient, where the requirement of actual residence is a prerequisite to the right to maintain the action. Calef v. Calef, 54 Me. 365, 92 Am. Dec. 549; Whitcomb v. Whitcomb, 46 Iowa, 437; Smith v. Smith, 7 N. D. 404, 75 N. W. 783; Tipton v. Tipton, 87 Ky. 243, 8 S. W. 440; Dickinson v. Dickinson, 167 Mass. 474, 45 N. E. 1091.

Reasoning from this viewpoint, the conclusion logically follows that actual domicile, not mere residence, is the true test in such cases. In the case at bar it is conceded that prior to plaintiff's departure for Massachusetts the parties had a fixed and permanent home or residence in this state; and it must be further conceded, unless plaintiff's continued presence in Massachusetts, under the circumstances disclosed, was an abandonment of her domicile in this state, that she remained, within the contemplation of law, an "actual resident" thereof, and was such when the action was commenced, notwithstanding her temporary residence in Massachusetts. Whether a departure from an established domicile in this state and a residence in some other state results in the abandonment of the same as a legal residence depends upon the circumstances surrounding each particular case. If a change of residence be for temporary purposes, and with no intention of quitting the old home, no change of domicile takes place, at least as a matter of law. It is ordinarily a question of fact, depending, as already suggested, upon the purpose and intent of the change. Plaintiff's residence in Massachusetts was compulsory, and with no intention of abandoning her residence in this state, and within the meaning and purpose of the statute under consideration she remained an "actual resident" of Minnesota. Had she brought her action in Massachusetts, and the facts here presented, as found by the trial court, had been disclosed to the courts of that state, relief would have been denied her on the ground that her

residence in that state was temporary, and not actual or permanent. She would have been treated as a resident of this state. Ross v. Ross, 103 Mass. 575.

Order affirmed.