# MARK LORNE DAVIDNER v. SALLY ANN DAVIDNER.

232 N. W. 2d 5.

July 11, 1975—No. 45118.

*Goff & Goff* and *Sydney W. Goff,* for appellant.

*Berde, Leonard & Weinblatt* and *Richard E. Leonard,* for respondent.

Heard before Rogosheske, Todd, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant appeals from a judgment granting plaintiff a divorce and awarding him custody of the minor daughter of the parties. Defendant challenges the jurisdiction of the lower court on the ground that plaintiff was not a resident of Minnesota for more than one year prior to the filing of the complaint as required by statute.[1] Defendant also challenges the sufficiency of the evidence to support the lower court's custody order. We affirm.

---

[1] Minn. St. 1971, § 518.07: "No divorce shall be granted unless the plaintiff has resided in this state one year immediately preceding the filing of the complaint, except for adultery committed while the plaintiff was a resident of this state."

L. 1974, c. 107, abolished actions for divorce, substituting proceedings for dissolution. Section 5 of that act amended Minn. St. 1971, § 518.07, to read: "No dissolution shall be granted unless the petitioner has resided in this state one year immediately preceding the filing of the petition."

Plaintiff, Mark Davidner, sought dissolution of his marriage with defendant, Sally Davidner, and custody of his daughter, Alissa, who was born October 29, 1971. In his complaint, plaintiff alleged that he was a resident of Ramsey County and had been a resident for more than one year prior to the filing of the complaint. Defendant answered the complaint, admitting plaintiff's allegation of residency. She also filed a counterclaim for divorce and custody, alleging that she was a resident of Ramsey County and had been a resident for more than one year preceding the commencement of the action.

Plaintiff is a medical doctor and stated in his complaint for divorce that he was temporarily in Utah for the purpose of completing his medical residency. The evidence is clear that the move to Utah was only a temporary change of residency and did not evidence an intent by either the plaintiff or defendant to abandon their domicile in Minnesota. At trial, plaintiff testified that he had been a resident of Minnesota for more than one year prior to commencing the divorce action. Prior to going to Utah for the medical residency, plaintiff had lived in Minnesota for 5 years. Plaintiff and defendant were married in Minnesota in 1968 and lived in Minnesota for their entire married life prior to moving to Utah. They lived together in Utah for only a few months before defendant moved back to Minnesota with her daughter. Prior to trial, but after commencement of the divorce action, plaintiff was accepted into practice with seven other internists in Kansas City, Missouri. No other testimony as to residence was introduced, as there was no dispute between the parties as to that issue.

The trial court was fully advised as to all factual details regarding plaintiff's residency and domicile. The trial court found that both parties were residents of Minnesota for more than one year prior to filing of the divorce complaint.

A major part of the trial was devoted to the issue of custody. The Department of Court Services recommended that plaintiff be awarded custody. Evidence was presented that defendant had

experienced psychological difficulties and had undergone psychiatric treatment for several years. Two psychiatrists testified as to their evaluation of defendant's condition and the possibility for her full recovery. There was an indication that defendant would require continued treatment, continued medication, and possible hospitalization. The trial court found that the best interests of the child would be furthered by awarding custody to plaintiff.

On appeal, defendant challenges the jurisdiction of the court to grant the divorce, alleging the lack of one year's residency. She also challenges the validity of the custody order based on the evidence presented.

The State of Minnesota has the right to require one year's domicile as a prerequisite for a party seeking a divorce in its jurisdiction. Davis v. Davis, 297 Minn. 187, 210 N. W. 2d 221 (1973). The parties cannot by their actions or agreement confer jurisdiction on the court, and an appellate court will determine the jurisdictional facts on its own motion even if neither party has raised the issue. Wyman v. Wyman, 297 Minn. 465, 212 N. W. 2d 368 (1973) ; 6A Dunnell, Dig. (3 ed.) § 2789. However, a finding of proper domicile to confer jurisdiction for commencement of a divorce action will not be reversed unless it is palpably contrary to the evidence. Meddick v. Meddick, 204 Minn. 113, 282 N. W. 676 (1938).

Defendant seeks to equate domicile with physical presence and to avoid our earlier decisions in this respect. This court has interpreted the terms "inhabitants of this state for at least one year" and "actual resident" in an earlier divorce law as equivalent to legal domicile. Bechtel v. Bechtel, 101 Minn. 511, 112 N. W. 883 (1907). Moreover, in Davis v. Davis, *supra,* we indicated that divorce jurisdiction depends on domicile and jurisdiction is acquired when the plaintiff is domiciled in the state for more than one year prior to the filing of the complaint. Domicile is the union of residence and intention, and residence without intention, or intention without residence, is of no avail. Mere change

of residence, although continued for a long time, does not effect a change of domicile. 6A Dunnell, Dig. (3 ed.) § 2816; In re Estate of Smith, 242 Minn. 85, 64 N. W. 2d 129 (1954). Moreover, a domicile, once shown to exist, is presumed to continue until the contrary is shown. See, Lusk v. Belote, 22 Minn. 468 (1876).

Plaintiff's domicile was clearly in Minnesota prior to his move to Utah for his residency in hematology. For plaintiff's domicile to change, he must have had the intention of making Utah his permanent home. If the change in physical presence is made without intent to abandon the old home, domicile has not changed. As was said in Bechtel v. Bechtel, 101 Minn. 511, 515, 112 N. W. 883, 885:

"* * * Whether a departure from an established domicile in this state and a residence in some other state results in the abandonment of the same as a legal residence depends upon the circumstances surrounding each particular case. If a change of residence be for temporary purposes, and with no intention of quitting the old home, no change of domicile takes place, at least as a matter of law. It is ordinarily a question of fact, depending, as already suggested, upon the purpose and intent of the change. Plaintiff's residence in Massachusetts was compulsory, and with no intention of abandoning her residence in this state, and within the meaning and purpose of the statute under consideration she remained an 'actual resident' of Minnesota."

Plaintiff's move to Utah was to be only for a definite period. The fact that he formed no intent to remain permanently in Utah can be seen from his short stay there and his acceptance of a permanent position in Missouri. It was not until he accepted the position in Missouri (after commencement of the divorce action) that plaintiff's domicile changed from Minnesota. He had no intent to establish a permanent home outside Minnesota prior to the commencement of this action. Defendant did not introduce any evidence to counter the allegation of residency. The finding

of the trial court that the parties were residents (i. e., domiciled) in Minnesota for more than one year immediately preceding the commencement of the action is more than adequately justified by the evidence in this case.

With respect to the custody issue, this court has uniformly held that the trial court has broad discretion to determine which parent shall be given custody of the children involved in divorce proceedings. See, e. g., Hanson v. Hanson, 284 Minn. 321, 170 N. W. 2d 213 (1969); Hoffman v. Hoffman, 303 Minn. 559, 227 N. W. 2d 387 (1975). Given the Department of Court Services' recommendation and defendant's history of psychological difficulty, the trial court did not abuse its discretion in awarding plaintiff custody of the minor child.

Neither party is allowed attorneys fees or costs on this appeal.
Affirmed.