**In re the Marriage of Ben M. FERRARO, Petitioner, Respondent,**

v.

**Susan FERRARO, Appellant.**

**No. C9–84–1625.**

Court of Appeals of Minnesota.

March 26, 1985.

H.R. Chalupsky, Grand Rapids, for respondent.

Dennis J. Seitz, Cloquet, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Susan Ferraro appeals from an amended judgment and decree. She contends the amended findings of fact do not support a child support award which deviates downward from the child support guidelines, Minn.Stat. § 518.551, subd. 5 (1984). We dismiss.

## FACTS

Ben Ferraro petitioned to have his marriage to Susan Ferraro dissolved. It was heard as a default matter after the parties stipulated to property disposition, maintenance, child custody and support. As part of the stipulation and at the hearing, Susan Ferraro acknowledged she had been advised of her right to counsel but chose to waive the right. The findings of fact, conclusions of law, order for judgment and judgment and decree were entered on Au-

gust 25, 1983. Ben Ferraro's attorney sent a copy of the decree to Susan Ferraro on August 30, 1983.

On February 1, 1984, Ben Ferraro moved to modify the visitation provisions and for delivery of the children by a neutral party. In response, Susan Ferraro moved to amend the findings and conclusions. After a hearing, the court made additional findings regarding the gross income of the parties for 1982 and 1983, giving reasons supporting its deviation from the child support guidelines, and specifying visitation periods. The court declined to amend the conclusion of law setting child support at $100 per month per child.

## ISSUE

Was Susan Ferraro's motion to amend timely?

## ANALYSIS

■ 1. Susan Ferraro contends the child support guidelines should have been applied when the original judgment was issued because they became effective prior to the issuance of the dissolution decree. She is not seeking a modification of child support based upon a change in circumstances.

2. The court may amend findings or make additional findings and may amend the judgment accordingly upon motion "made not later than the time allowed for a motion for new trial pursuant to Rule 59.03 * * *." Minn.R.Civ.P. 52.02.

A notice of motion for a new trial shall be served within 15 days after a general verdict or service of notice by a party of the filing of the decision or order * * *.

Minn.R.Civ.P. 59.03. Ben Ferraro's attorney mailed a copy of the decree to Susan Ferraro on August 30, 1983, which triggered the time limits specified by Rules 52.02 and 59.03.

The time period to move to amend expired months before Susan Ferraro brought her motion to amend. The trial court had no jurisdiction to hear and rule upon her motion. *See Bowman v. Pami-*

da, Inc., 261 N.W.2d 594, 597 (Minn.1977). The time limit under Rule 59.03 is absolute, and a trial court cannot extend it. *Id.;* Minn.R.Civ.P. 6.02.

The parties cannot by their actions or agreements confer jurisdiction on the court, and an appellate court will determine the jurisdictional facts on its own motion even if neither party has raised the issue.

*Davidner v. Davidner,* 304 Minn. 491, 493, 232 N.W.2d 5, 7 (1975). Under the circumstances of this case, the trial court had no jurisdiction to amend the decree.

■ 3. Although Susan Ferraro concedes that Ben Ferraro's attorney had no obligation to inform her of the child support guidelines, she claims the trial court should have applied them. We agree the child support guidelines could have been applied by the court notwithstanding the stipulation at the original hearing. *See Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 841–42 (1970). Susan Ferraro, however, lost the right to make this claim by failing to appeal the original dissolution decree since there has been no change in circumstances.

## DECISION

The trial court had no jurisdiction to amend the original findings of fact and conclusion because the motion to amend was not timely filed and there was no change in circumstances.

Dismissed.