**In re the Marriage of Susan Lynn LEVINSON, petitioner, Appellant,**

v.

**Gary Howard LEVINSON, Respondent.**

No. C4–85–2238.

Court of Appeals of Minnesota.

July 8, 1986.

Mark J. Kiperstin, William S. Rosen, St. Paul, for appellant.

Harold Kalina, Lucinda E. Jesson, Oppenheimer, Wolff, Foster, Shepard & Donnelly, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ.

### OPINION

FORSBERG, Judge.

This is an appeal of the trial court's order declining jurisdiction in a child custody modification matter. The trial court held Minnesota is an inconvenient forum. We affirm.

### FACTS

Susan Austrian and Gary Levinson were married in 1968 and divorced in 1983. The parties have two sons, Bradley, 10, and Todd, 8. The dissolution judgment provided for joint legal and physical custody of the children.

In August, 1984, the parties agreed that appellant and the children could move to the Virgin Islands where she planned to buy a business. The stipulation provided for continuation of the joint custody arrangement. The children would attend a private school in the Virgin Islands, live with Austrian during the school year, and spend holidays and summer vacations with Levinson. The boys now live with appellant approximately eight months per year and live with respondent about four months. In late 1984, respondent changed jobs and moved to Philadelphia.

In October, 1984, Austrian informed Levinson that Todd was receiving special reading help. In January 1985 she informed him Todd would repeat first grade (he repeated kindergarten in Minneapolis).

During the summer of 1985, while the children were living with him in Pennsylvania, Levinson hired a reading specialist to tutor Todd. Respondent then wrote appellant requesting that both boys remain in Pennsylvania so Todd could attend special education classes, not available at the Antilles School, a private academy in the Virgin Islands.

While the boys were still in Pennsylvania, Levinson moved the Hennepin County District Court to stay the existing custody order until Pennsylvania assumed jurisdiction to consider custody modification. A Hennepin County Court referee denied that motion which was appealed. At the same time, respondent brought a Pennsylvania action for an order permitting Todd to attend special education classes there.

Appellant then petitioned the Pennsylvania court to enforce the custody terms of the Minnesota decree. She objected to respondent's Pennsylvania action on jurisdictional grounds. The Pennsylvania trial court stayed its action pending the outcome of Minnesota proceedings. However, the court ordered respondent to return the children to appellant, which he did. The children now attend Antilles School in the Virgin Islands.

The trial court determined that Minnesota is an inconvenient forum under the Uniform Child Custody Jurisdiction Act (UCCJA) and declined to exercise jurisdiction.

## ISSUES

Did the trial court abuse its discretion in declining to exercise jurisdiction?

## ANALYSIS

Appellant asserts that Minnesota is the proper forum to litigate the custody dispute. She claims first that the trial court erred in declining jurisdiction because the action is not a proceeding to alter the existing joint custody arrangement. However, a change in schools from the Virgin Islands to Pennsylvania would bring about a *de facto* change in physical custody, even though legal custody remained unchanged.

The trial court declined jurisdiction under the UCCJA on the theory of inconvenient forum pursuant to Minn.Stat. § 518A.07, subd. 1 (1984) which provides:

A court which has jurisdiction under sections 518A.01 to 518A.25 to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

The court found that Minnesota is no longer the home state of the children, that both Pennsylvania and the Virgin Islands have closer connections with the children and their parents than Minnesota, and that substantial evidence concerning the care, protection, training and personal relationships of the children is more readily available in both jurisdictions than in Minnesota. These findings complied with the statute. Minn.Stat. § 518A.07, subd. 3(a)–(e). They are amply supported by the record. We find no abuse of discretion in declining to exercise jurisdiction on the grounds of inconvenient forum.

## DECISION

The trial court did not abuse its discretion in declining to exercise jurisdiction.

Affirmed.