**In re the Marriage of Max BERC, Sr., Petitioner, Appellant,**

v.

**Carol Ann BERC, Respondent.**

No. C7–86–1921.

Court of Appeals of Minnesota.

June 9, 1987.

A. Larry Katz, Brian L. Sobol, Katz, Davis, & Manka, Ltd., Minneapolis, for appellant.

Christine M. Leick, Arthur, Chapman, Michaelson, & McDonough, Minneapolis, for respondent.

Heard, considered, and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

RANDALL, Judge.

Appellant brought this action for dissolution seeking joint legal and sole physical custody of the parties' minor children. Respondent later filed a divorce action in Hawaii, where she and the children live, seeking custody of the children. Four days before respondent filed the Hawaii action, appellant moved the Washington County Court for temporary custody of the children, claiming he was their primary caretaker. The Washington County court dismissed the entire dissolution action, determining it lacked jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), Minn.Stat. § 518A.03, subds. 1(a)(1), 1(b), and 1(d) (1984). Max Berc appeals the dismissal, claiming he is a domicilliary of Minnesota and that Minnesota has jurisdiction over the dissolution pursuant to Minn.Stat. § 518.07. We reverse and remand for a hearing to determine whether appellant is a domicilliary of Minnesota under Minn.Stat. § 518.07 [1].

---

1. On October 20, 1986, appellant filed with this court an emergency petition for a writ of mandamus asking this court to stay the trial court's order thirty days to allow appellant either to move for amended findings or to perfect an appeal. This court denied appellant's petition finding he had an adequate remedy in his right to appeal. By order dated October 22, 1986, this court also denied appellant's motion for discretionary review.

While the petition for writ of mandamus was pending before this court, appellant's attorney allegedly notified the judge's clerk that the writ had been issued. Accordingly the Washington County court clerk set the matter on for hearing. Subsequently the court learned that this court had not issued a writ, and canceled the hearing. Appellant's attorney denies notifying the clerk the writ was issued. On October 29, 1986, appellant

## FACTS

The parties were married in Honolulu, Hawaii, January 4, 1983. They have three children, and appellant adopted respondent's daughter from her previous marriage. The parties separated May 12, 1986.

The parties began vacationing in Hawaii during the winter months several years ago. From mid-November 1982 to June 1983 and mid-November 1983 to June 1984, they lived in Hawaii and spent the balance of the year in Minnesota. In June 1984, they purchased a home in Hawaii. Between August 1984 and their separation in May 1986, they lived in Hawaii from August to June so the children's school year would not be interrupted, and returned to Minnesota for two months during the summer. When the parties separated, appellant returned to Minnesota. Respondent and the children remained in Hawaii.

Before the marriage, the parties purchased a home in joint tenancy in Stillwater, Minnesota. When they later purchased their Hawaii home, they put the Stillwater home up for sale. The Stillwater home did not sell, and when the parties separated, appellant moved into the home and took it off the market.

Appellant is 72 years old and is the president and sole shareholder of Wholesale Produce Supply, a corporation located in Minnesota. He is semi-retired, and manages his interest in the corporation by remaining in daily telephone contact, and by traveling to Minnesota approximately four times each year. Wholesale Produce is also licensed to do business in Hawaii, and owns property in Hawaii. Respondent owns a small gift shop which is incorporated in Hawaii.[2]

At the temporary hearing, the court dismissed the entire dissolution for lack of

jurisdiction under the UCCJA. Respondent appeared at the hearing by affidavit, solely to contest the district court's jurisdiction over the dissolution.

In appellant's affidavit, he claims he is a domicilliary of Minnesota based on the following facts: He and respondent filed joint Minnesota income tax returns in 1983 and 1984. He asserts that his residence is the parties' Stillwater home. He alleged he pays tax on the Hawaii residence at non-homestead rates and on the Stillwater home at homestead rates. He is registered to vote in Minnesota and voted here in 1982 and 1984. He has bank accounts in Minnesota and has a Minnesota driver's license. He asserts that, although he has lived in Hawaii the last few years, he intends that Minnesota be his permanent home and has no intent to make Hawaii his permanent home. He claims he wintered in Hawaii at first because he did not like Minnesota winters, and that he lengthened his stay only to avoid having to transfer the children from Minnesota to Hawaii schools in the middle of the school year. He argues that the length of time he spent in Hawaii should not be determinative, and that he can be domiciled in Minnesota yet live in Hawaii most of the year.

Respondent offers the following in support of a conclusion that appellant is not a domicilliary of Minnesota, and is a resident of Hawaii: Since 1982, appellant has lived in Hawaii the majority of the time, except for summer visits to Minnesota, and he planned to make Hawaii his home. He was retiring and selling off his business. The house in Stillwater was up for sale when the parties separated, and appellant removed it from the market only after the parties separated. The parties were married in Hawaii. They purchased their

moved the court for amended findings. The court did not hear the motion.

Meanwhile, the Hawaiian court, after a hearing, issued a temporary order denying respondent's motions for exclusive use of the parties' Hawaiian home and for custody of the children. The court awarded appellant temporary custody, but enjoined the parties from removing the children from the State of Hawaii. The court stated:

The Court's decision to award temporary custody to [appellant] is mainly for financial reasons and to avoid the wasting of or diminution of the marital assets and is not meant to indicate any determination by the Court of the fitness of either party.

2. Respondent (age 39) is the former Carol Ann Auge (of *Auge v. Auge,* 334 N.W.2d 393 (Minn. 1983).

home, valued in excess of $600,000, and obtained the mortgage in Hawaii. They purchased cars in Hawaii. The children were baptized and attend school in Hawaii. Appellant financed respondent's business in Hawaii, and appellant obtained his passport there.

Respondent argues the reason appellant has not gotten a Hawaii driver's license is that he fears he will not pass the test. Respondent disputed appellant's claim that he voted in Minnesota in 1984. She claims appellant's ownership of a Minnesota business is not conclusive because appellant is in the process of retiring to Hawaii and reducing his involvement in the business, and that he conducts his business over the phone. She disputes appellant's assertion that the parties have a joint checking account in Minnesota. Finally, she points to *Auge v. Auge*, where she claims appellant testified under oath that moving the Auge children, one of whom appellant adopted after the Bercs were married, from Minnesota to Hawaii was necessary because appellant conducted his business in Hawaii.

### ISSUE

Did the trial court err by dismissing this action, finding it lacked jurisdiction under the UCCJA?

### ANALYSIS

Appellant argues the court denied him due process by failing to make findings to support its conclusion that it lacked jurisdiction, and erred by dismissing the dissolution under § 518A.03 when it should have applied § 518.07. Respondent argues that appellant is not a Minnesota domicilliary under § 518.07, and, in the alternative, argues Minnesota is an inconvenient forum. Respondent acknowledges that the court did not make a determination under § 518.-07 and asks this court to review the issue "in the interests of justice," and of judicial economy.

The trial court made a number of findings concerning the childrens' contacts with Hawaii, and dismissed the dissolution action, concluding it lacked jurisdiction under Minn.Stat. § 518A.03, subds. 1(a)(1),

1(b), and 1(d) (1984) of the UCCJA. The court made no findings on appellant's claim that he is a domicilliary of Minnesota.

We hold that the trial court erred by dismissing the dissolution based on the UCCJA, Minn.Stat. § 518A.03, and we remand for an evidentiary hearing and a determination of whether appellant is a domicilliary of Minnesota pursuant to Minn. Stat. § 518.07 (1984).

Minn.Stat. § 518.07 governs jurisdiction over dissolution matters. Section 518.07 states:

No dissolution shall be granted unless (1) one of the parties has resided in this state, or has been a member of the armed services stationed in this state, for not less than 180 days immediately preceding the commencement of the proceeding; or (2) one of the parties has been a domicilliary of this state for not less than 180 days immediately preceding the commencement of the proceeding.

Domicile is a fact question. *Bechtel v. Bechtel*, 101 Minn. 511, 515, 112 N.W. 883, 885 (1907). A finding of domicile to confer jurisdiction over a dissolution action will not be reversed unless it is palpably contrary to the evidence. *See Davidner v. Davidner*, 304 Minn. 491, 493, 232 N.W.2d 5, 7 (1975).

When one party resides or is domiciled in a state other than the state in which the other party and the children are domiciled, the dissolution may be heard in one state and custody in another. Dissolution jurisdiction does not necessarily include custody jurisdiction. Uniform Child Custody Jurisdiction Act § 3, commissioner's note 9 U.L.A. 124 (1979).

Minn.Stat. § 518A.03, subd. 1 states, in pertinent part:

A court of this state which is competent to decide *child custody matters* has jurisdiction to make a child custody determination by initial or modification decree * * *.

(Emphasis added). Section 518A.03 governs custody matters only, and is not determinative of whether a court has jurisdiction

over a dissolution involving a custody dispute.

■ A jurisdictional inquiry under ch. 518, which governs dissolutions, is different from that of ch. 518A, which governs custody matters. The primary test for jurisdiction over a dissolution is the petitioner's residence or domicile. Minn.Stat. § 518.07. The primary test for jurisdiction over a custody matter is the child's "home state." Minn.Stat. § 518A.03, subd. 1 (1984). The UCCJA is not determinative of whether the court has authority to exercise jurisdiction over a dissolution. *See Mayer v. Mayer,* 91 Wis.2d 342, 348–49, 283 N.W.2d 591, 595, n. 5 (App.1979) (A court may decline to exercise custody jurisdiction and retain jurisdiction over the dissolution.)

■ Appellant argues that he is a domicilliary of Minnesota, and he presents numerous facts to this court to back up his claim. We are not a factfinding court, and we decline to make this determination. Domicile is

> the union of residence and intention, and residence without intention, or intention without residence, is of no avail. Mere change of residence, although continued for a long time, does not effect a change of domicile.

*Davidner,* 304 Minn. at 493–94, 232 N.W.2d at 7. In *Davidner,* the supreme court found a physician domiciled in Minnesota, who moved to Utah for a definite period of time to complete his residency, and had no intent to abandon Minnesota as his home, remained a domicilliary of Minnesota, and Minnesota courts properly exercised jurisdiction over the dissolution proceedings brought by the husband in Minnesota. The *Davidner* court cited *Bechtel,* 101 Minn. 511, 112 N.W. 883.

In *Bechtel,* the husband and wife, both widowed prior to their marriage, were Minnesota residents. Six years after their marriage, the husband forced the wife and her two children from her prior marriage to move to Franklin, Massachusetts, by threatening to cut off her maintenance and support if she refused. The supreme court affirmed the trial court's finding that Mrs. Bechtel did not intend to abandon Minnesota as her legal residence. The court found the reason for the domicile requirement,

> in restricting the right of action to residents of the state, is to prevent nonresidents from coming into our courts with their grievances, and to compel them to resort for relief from matrimonial entanglements to the courts of the place of their abode.

*Id.* 101 Minn. at 514, 112 N.W. at 884. Applying this policy to Mrs. Bechtel, the supreme court stated:

> If a change of residence be for temporary purposes, and with no intention of quitting the old home, no change of domicile takes place, at least as a matter of law. It is ordinarily a question of fact depending * * * upon the purpose and intent of the change.

*Id.* at 515, 112 N.W. at 885.

Because domicile is a fact question on which the trial court failed to make a determination, we remand this matter for a hearing and findings consistent with Minn. Stat. § 518.07. Even if the court determines appellant is a domicilliary of Minnesota, it still may exercise discretion in determining whether to assume jurisdiction over the dissolution. *See Levinson v. Levinson,* 389 N.W.2d 761, 762 (Minn.Ct.App. 1986) (A court has discretion to decline jurisdiction on grounds of an inconvenient forum.) By our holding we do not decide whether Minnesota has jurisdiction over the custody determination or reach the issue of whether Minnesota is an inconvenient forum.

Respondent has requested attorney fees for defending this appeal. Because appellant has presented a good faith claim, and because the dissolution, with the questions of maintenance, property settlement and attorney fees has yet to be decided, we do not grant attorney fees to either party at this stage.

## DECISION

The trial court erred by dismissing the dissolution action based on Minn.Stat. § 518A.03. We remand for an evidentiary hearing and determination of whether the

court has jurisdiction under Minn.Stat. § 518.07.

Reversed and remanded.