*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1027**

In re the Matter of:

Muhammad Rahshawn Bush, petitioner,
Appellant,

vs.

Kelsey Anne Link,
Respondent.

**Filed May 13, 2024**
**Affirmed**
**Bjorkman, Judge**

Olmsted County District Court
File No. 55-FA-22-7456

James McGeeney, Doda McGeeney, Rochester, Minnesota (for appellant)

Kelsey Anne Link, Rochester, Minnesota (pro se respondent)

Considered and decided by Larkin, Presiding Judge; Ross, Judge; and Bjorkman, Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

In this interstate child-custody dispute, appellant-father challenges the district court's decision not to exercise jurisdiction because Minnesota is an inconvenient forum.

Because the district court did not err in applying the law or otherwise abuse its discretion, we affirm.

**FACTS**

Appellant Muhammad Rahshawn Bush (father) and respondent Kelsey Anne Link (mother) have two children born in 2015 and 2020. In June 2022, the district court issued an emergency order for protection (OFP) on behalf of mother and the children based on alleged domestic abuse by father. The next month, mother moved to Denton County, Texas, with the children to escape the abuse and be near her family. On November 2, father petitioned the district court to establish paternity, custody, and parenting time. On December 29, mother was personally served with the petition in Texas.[1]

On February 8, 2023, mother commenced a child-custody proceeding in Denton County, Texas. On March 8, she moved the district court to decline to exercise jurisdiction over the issue of custody because Minnesota is an inconvenient forum. Father filed a responsive motion asking the district court to deny mother's motion and exercise jurisdiction. On March 27, the district court conferred with the judicial officer assigned to the Texas case about jurisdiction. Two days later, the district court held a hearing on the parties' respective motions. By order dated May 18, the district court granted mother's

---

[1] Father contends that the district court erred by finding that he did not serve his petition on mother until December 29, 2022. He argues that he did so on September 8, 2022, by personally serving the petition on mother's mother, who resided at mother's last known Minnesota address. We need not decide this issue because, under either scenario, father served his petition on mother before she served her Texas petition on him. And the district court found that father commenced his action first.

motion, declining to exercise jurisdiction as an inconvenient forum and permitting the case to proceed in Texas.

In doing so, the district court considered the factors for determining whether Minnesota is an inconvenient forum outlined in Minn. Stat. § 518D.207(b) (2022): (1) whether domestic violence has occurred, is likely to continue, and which state would best protect the children; (2) how long the children have lived out of the state; (3) distance between the two state courts; (4) financial circumstances of the parties; (5) any jurisdiction agreement between the parties; (6) nature and location of the evidence needed to resolve the dispute, including testimony from the children; (7) ability of each court to properly decide the case; and (8) familiarity of each court with the case. The district court found five of the factors to be neutral or not applicable; one factor, the length of time the children have lived out of Minnesota, to slightly favor Minnesota; and two factors, the domestic abuse and location of testimonial evidence, to favor Texas.

Father appeals.

## DECISION

Minnesota has adopted the Minnesota Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), which governs child-custody cases. Minn. Stat. §§ 518D.101-.317 (2022). Under the UCCJEA, a Minnesota court has jurisdiction to make an initial child-custody determination if:

> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

3

(2) a court of another state does not have jurisdiction under clause (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 518D.207 or 518D.208, and:

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(ii) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under clause (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 518D.207 or 518D.208; or

(4) no court of any other state would have jurisdiction under the criteria specified in clause (1), (2), or (3).

Minn. Stat. § 518D.201(a).

If a district court has jurisdiction, it must, before conducting a hearing, "examine the court documents and other information supplied by the parties pursuant to section 518D.209." Minn. Stat. § 518D.206(b). If this information leads the district court to determine "that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [the UCCJEA]," the district court "shall stay its proceeding and communicate with the court of the other state" regarding which state is the "more appropriate forum." *Id.* When there are simultaneous proceedings, the district court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." Minn. Stat. § 518D.207(a).

"Application of the UCCJEA involves questions of subject-matter jurisdiction, which appellate courts review de novo." *Cook v. Arimitsu*, 907 N.W.2d 233, 238 (Minn. App. 2018) (quotation omitted), *rev. denied* (Minn. Apr. 17, 2018). But we will not set aside a district court's underlying findings of fact unless they are clearly erroneous. *Id.*; *see also* Minn. R. Civ. P. 52.01. And we review a district court's decision not to exercise jurisdiction because Minnesota is an inconvenient forum for an abuse of discretion. *See* Minn. Stat. § 518D.207(a) (stating that court "may" decline jurisdiction); *Levinson v. Levinson*, 389 N.W.2d 761, 762 (Minn. App. 1986).

Father argues that the district court erred by declining to exercise jurisdiction on the ground that Minnesota is an inconvenient forum. He contends that because he commenced his action first, mother's Texas action is not a simultaneous proceeding that would prompt consideration of which forum is more appropriate. We are not persuaded.

Before the first hearing, the district court was informed that mother had commenced a child-custody proceeding in Texas, where she and the children then lived. Upon receiving this information, the district court communicated with the Texas court, as required by Minn. Stat. § 518D.206(b).[2] Thereafter, the district court conducted a hearing and considered the parties' motions. The district court analyzed the eight factors under

---

[2] Although the district court did not expressly find that Texas has "jurisdiction substantially in accordance with" the UCCJEA, the record supports a determination that both Minnesota and Texas have home-state jurisdiction. *See* Minn. Stat. § 518D.201(a)(1) (stating that court has jurisdiction to make initial custody determination if "this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state").

Minn. Stat. § 518D.207(b) and concluded Minnesota is an inconvenient forum and Texas is the more appropriate forum. In short, the district court followed the statutory procedures that govern simultaneous proceedings and exercised its discretion in determining that Minnesota is an inconvenient forum.

Father does not contend that the district court abused its discretion in applying the inconvenient-forum factors.[3] Absent such a challenge and because the district court did not err in its application of the law, we affirm.

**Affirmed.**

---

[3] Father suggests that his simultaneous-proceedings argument is strengthened by the fact that Minnesota was the children's home state as recently as June 2022, and there is substantial evidence of the children's "care, protection, training, and personal relationships" in Minnesota. This does not change the fact that the children lived in Texas at the time mother commenced her action. And the district court considered father's argument on this point, finding the children's prior residence in Minnesota does not overcome the domestic abuse by father and the current OFP, which heavily favor Texas exercising jurisdiction.

6